110 N.J. Super. 441 (1970)
266 A.2d 129
CARL E. RING, PLAINTIFF-APPELLANT,
v.
MAYOR AND COUNCIL OF THE BOROUGH OF RUTHERFORD, NEW JERSEY, BOARD OF ADJUSTMENT OF THE BOROUGH OF RUTHERFORD, NEW JERSEY, AND MARTIN KRAJAC, BUILDING INSPECTOR OF THE BOROUGH OF RUTHERFORD, NEW JERSEY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued April 13, 1970.
Decided June 5, 1970.
*443 Before Judges GOLDMANN, LEWIS and MATTHEWS.
Mr. William V. Roveto argued the cause for appellant (Messrs. Moser, Roveto & McGough, attorneys; Mr. George P. Moser, Jr., on the brief).
Mr. M. Harry Muser argued the cause for respondents Mayor and Council of the Borough of Rutherford.
Mr. James S. Ely, Jr. argued the cause for respondents Board of Adjustment and Martin Krajac, Building Inspector of the Borough of Rutherford.
The opinion of the court was delivered by LEWIS, J.A.D.
This is an appeal by plaintiff Carl Ring from a judgment of the Law Division, in an in lieu proceeding, wherein the court affirmed the denial of an application for a variance and sustained the constitutionality of the zoning ordinance of defendant Borough of Rutherford.
It is claimed on appeal that (1) the denial of plaintiff's requested variance was arbitrary, capricious and unreasonable, and (2) the residential districts in the borough, as they now exist, are so riddled with nonconforming uses as both to render the denial of his application a deprivation of equal protection of the laws and to invalidate the underlying zoning ordinance.
Plaintiff is the owner of a 2 1/2-story, 12-room frame dwelling at 97 Ridge Road in Rutherford. It was constructed in 1904 or 1905 on a lot with a 100' frontage by a 130' depth. The property is situate in an R-1 residential district which, under the borough zoning ordinance adopted in 1922, is *444 zoned for one-family houses with a minimum lot size of 50' x 100'.
In October 1968 plaintiff presented to the building inspector plans for the conversion of his house into a two-family dwelling, which apparently could be physically accomplished with minimal interior changes. A building permit was denied, solely for the reason that the property was located in a "Residence No. 1 District, zoned for one-family houses." The next month plaintiff applied to the local board of adjustment for a variance recommendation under N.J.S.A. 40:55-39(d) to permit such a conversion and use. Following a hearing thereon his request was denied by unanimous resolution.
The minutes of the board reveal that Ring was the only witness in support of his application. He produced a plot plan of the premises and testified with respect to his proposed changes. He explained the need for income from the property since it was in a state of disrepair and an economic burden, and he referred to nonconforming-use properties in the immediate area. A letter from a nearby resident on Ridge Road, stating that he had no objections to the desired conversion, was received in evidence. Two neighboring property owners appeared in opposition to the application and testified in substance that the granting of such a variance would depreciate property values and would be a neighborhood detriment.
The factual findings of the board are embraced in its resolution of November 12, 1968 which can be summarized thusly: (a) plaintiff's house is located in a prime residential area of the community; (b) the four present nonconforming two-family residences on Ridge Road existed prior to the zoning requirements; (c) to grant the requested variance would substantially impair the zone plan and depreciate property values; (d) no specific reasons for recommending the variance were shown except alleged economic hardship which was insufficient to support the application; (e) the relief requested could not be granted without substantial *445 detriment to the public good and without substantially impairing the intent and purpose of the borough zoning ordinance, and (f) a similar request was made by plaintiff in 1964 which was denied for the same reasons.
The Law Division, after reviewing the record of those proceedings, held that the board did not act unreasonably and that its findings and conclusions were "sufficient as a matter of law to support the denial of the variance." We note that there was no evidence before the board in serious conflict with its findings.
It is well settled that an applicant is not entitled to a variance in order to effectuate the most profitable use of his property, at least so long as permissible uses are feasible. Kolsow v. Municipal Council of Wayne Tp., 52 N.J. 441, 452 (1968); Bern v. Fair Lawn, 65 N.J. Super. 435, 450 (App. Div. 1961). In order to maintain the fidelity of the general zoning scheme, a variant use is permitted only in an exceptional case where the justification is clear. See Grundlehner v. Dangler, 29 N.J. 256, 271 (1959). Accord, Sitgreaves v. Board of Adjustment, Nutley, 136 N.J.L. 21 (Sup. Ct. 1947). Furthermore, it is fundamental that a determination of a zoning board is presumptively correct, and the property owner has the burden of proof in establishing a cause for relief. Masterson v. Christopher Diner, Inc., 85 N.J. Super. 267, 273 (App. Div. 1964), certif. den. 44 N.J. 406 (1965).
Here, from the evidence before the local agency, it cannot fairly be said that the board's refusal to recommend a variance was unsupported by the record or that its action was in any way unreasonable, capricious or arbitrary. Accordingly, the affirmatory decision of the Law Division, as to this aspect of the case, should remain undisturbed. See Kramer v. Bd. of Adjust., Sea Girt, 45 N.J. 268, 296-297 (1965).
We turn now to the broader issue addressed to the constitutional efficacy of the zoning ordinance as presently applicable to plaintiff's property. Preliminarily, we note *446 that the trial judge properly ruled in favor of receiving evidence, aliunde the record before the board, bearing upon that issue. Plaintiff's suit attacked not only the determination of the board, but also the constitutionality of the underlying zoning ordinance, an issue not raised before the board or within its jurisdiction to resolve. Note generally, Dolan v. DeCapua, 16 N.J. 599, 612-613 (1954); Wilson v. Mountainside, 42 N.J. 426, 441-442 (1964).
The supplemental proofs adduced in the Law Division proceedings included a master plan of the borough approved by the planning board in 1966 which, at the time of the trial, had not been officially adopted by the mayor and borough council. This exhibit, however, was admitted in evidence, with its pertinent land-use maps, to show current physical "make-up" conditions in the community and "for statistical purposes only."
Plaintiff then testified that he had read all of the minutes of the board for the past 20 years and had compiled a list of variances granted during that period. The relevant information thus obtained was incorporated in a "Request for Admission Pursuant to Rule 4:26-1 [now R. 4:22-1]," which, together with certain "Corrections" and the "Answer" of the municipal defendants, were accepted in evidence. These documents reveal that since 1948 over 60 variances had been granted to permit the conversion of single-family houses for two-family use.
Upon the foregoing premise plaintiff argues, in substance, that the division of the residential area of the municipality into one-family and two-family zoned districts, which have been permitted to become "more or less riddled substantially with one-family and two-family houses," negated pro tanto the intended zoning scheme of the borough and thereby rendered the rejection of his application for a variance a denial of due process and equal protection of the law.
We are cited to Wilson v. Mountainside, supra, for the proposition that "It is the antithesis of the statutory requirement *447 to impose blanket use restrictions without regard to the character of the district and use suitability and then generally and indiscriminately permit innumerable contrary uses by administrative action." 42 N.J., at 443. Cf. Katobimar Realty Co. v. Webster, 20 N.J. 114, 123 (1955); Rockhill v. Chesterfield Tp., 23 N.J. 117, 126 (1957). In essence plaintiff maintains that there is no integrity left to the one-family zoning in the borough, and it is both unreasonable and unconstitutional to continue such a district, particularly in the location of his property.
While at first blush there appears to be persuasive validity to plaintiff's contentions, we find upon deeper analysis of the record that the alleged merits are overcome by countervailing facts of paramount significance. Throughout the proceedings Ridge Road was characterized as a "wide thoroughfare." Under cross-examination plaintiff was asked:
Q. How would you describe Ridge Road as an area, as a living area, in relation to the rest of the community?
A. Well, it's a little older, the houses are bigger, there is more high trees than farther down the town. The street is a little wide, more buses on it. * * *
Q. Would you agree or disagree that it is one of the finest residential areas in Rutherford?
A. Yes, it is one of the finest in Rutherford.
Although apparently 60 residential conversion variances were allowed over a 20-year span, not a single variance was granted incident to a property on Ridge Road. It appears from one of the land-use map exhibits that this thoroughfare obliquely intersects Park Avenue and extends southward for approximately seven blocks to State Highway Route 3. The subject property is on the east side of Ridge Road, between Highland Cross and Summit Cross, in the third block from the Park Avenue intersection.
The trial judge noted in his oral opinion that there are 14 houses fronting Ridge Road, east and west side, between Highland Cross and Summit Cross, of which four are two-family *448 dwellings existing as such prior to the municipal zoning. He then observed:
* * *  there are a number of blocks that are still intact as single-family dwellings. Just to point out one or two, Block 112 is entirely single-family dwellings. That is three blocks south and two blocks west of the block in question, Block 124.
If you go over to a block fronting on Orient Way, Block 140, we have a pure single family dwelling block.
Just two blocks south of the property in question, which is Block 122 fronting on Ridge Road, we have an entire block that is purely of single-family dwellings; and just to the south of that, Block 121, fronting on Ridge Road, we have a block that with the exception of one corner lot fronting on Sylvan Avenue [sic] and Van Riper Avenue, that is, that corner of Sylvan and Van Riper, except for that one plot that entire Block 121 is a single-family dwelling block.
It is plain that in certain sections of the R-1 district, particularly east of Ridge Road and the vicinity of Sylvan Street, a narrower street where all structures appear to be situated on 50' x 100' lots, the combination of preexisting uses and grants for two-family housing variances have virtually destroyed the integrity of the single-family zoned planning as to that area of the district. It does not follow, however, that the validity of the entire single-family concept of the zoning ordinance must be condemned in toto, or as regards plaintiff's property located as it is on a prime residential artery leading directly to a single-family residential area virtually unintruded by two-family dwellings. Moreover, we note that the 1966 proposed master plan contemplates that Ridge Road remain in a single-family residence zone.
As this court stated in Birkfield Realty Co. v. Bd. Com'rs. of Orange, 12 N.J. Super. 192, 197 (App. Div.), certif. den. 8 N.J. 319 (1951):
* * * The refusal by the governing body to permit still another encroachment to do violence to the existing zoning ordinance will not be viewed as arbitrary or capricious when, as here, grounded in a determination to adhere to and to further an approved and adopted zoning program essential to the larger plan for the physical development of the municipality and plainly designed and reasonably adapted *449 to conserve and promote the public health, safety, morals and general welfare of the city.
The presumption of validity that attaches to a zoning ordinance is not overcome unless the proofs clearly show that the ordinance is arbitrary or unreasonable. Fanale v. Hasbrouck Heights, 26 N.J. 320, 327 (1958). See also 8 McQuillin, Municipal Corporations (3d ed. rev. 1965), § 25.60, at 149. Cf. Vickers v. Tp. Com. of Gloucester Tp., 37 N.J. 232, 242 (1962), appeal dismissed and cert. den. 371 U.S. 233, 83 S.Ct. 326, 9 L.Ed.2d 495 (1963).
We agree with the findings and conclusion of the Law Division that the evidence proffered by plaintiff was insufficient to support his contention that the borough zoning ordinance was unconstitutional as to the whole residential district or as applied to his property.
Affirmed.