COMMITTEE FOR A RICKEL ALTERNATIVE, AND LINDEN MER-
CHANTS ASSOCIATION, PLAINTIFFS, v. CITY OF LINDEN
AND SUPERMARKETS GENERAL CORPORATION, DEFEND-
ANTS.

Superior Court of New Jersey
Law Division Union County

January 9, 1986.

*Robert M. Rich* for plaintiffs (*Weitzman & Rich,* attorneys).

*Jerome Krueger* for defendant City of Linden.

*Charles N. Winetsky* for defendant Supermarkets General (*Winetsky & Winetsky,* attorneys).

FELLER, J.S.C. (Retired, temporarily assigned on recall).

This matter is before this court on a summary judgment motion made by defendant City of Linden and is supported by arguments made by defendant Supermarkets General. In their brief in opposition to this motion and in oral argument before this court, plaintiffs have, in effect, also requested summary judgment.

The complaint in this matter has been filed on behalf of plaintiffs to declare an application filed by defendant Supermarkets General for a use variance pursuant to *N.J.S.A.* 40:55D–

70(d) to construct a Rickels' Home Center in Linden, denied as a matter of law because an appeal from the Board of Adjustment to the governing body, City Council, came to a tie vote.

The facts of this case are not in dispute. In early 1985 defendant Supermarkets General Corp. made an application before the Linden Zoning Board of Adjustment for a use variance, pursuant to *N.J.S.A.* 40:55D–70(d), to construct a Rickels' Home Center in a light industrial zone. A memorializing resolution was adopted by the Board of Adjustment on March 11, 1985. Notice thereof was subsequently published in the *Linden Leader* on March 21, 1985 by the secretary of the Board of Adjustment. Prior to this publication, on or about March 18, 1985, a Notice of Appeal was filed on behalf of plaintiffs with the Linden City Clerk, pursuant to the provisions of *N.J.S.A.* 40:55D–17.

Linden City Council held a hearing on June 18, 1985. City Council reviewed the record before the Board of Adjustment and heard oral arguments from attorneys representing the applicant and the objectors. At the conclusion of this hearing, a vote was held; five members of City Council voted to affirm the decision of the Board of Adjustment, five members of the City Council voted to reverse the decision of the Board of Adjustment and one member of City Council abstained. In other words, the vote resulted in a tie.

The oral argument in this case revealed that neither side is questioning the fact that a tie vote occurred. In essence, plaintiffs claim that such a tie vote results in a reversal of the Board of Adjustment's decision and defendants claim that it results in an affirmance of the Board's action.

I

The statute governing appeals to the governing body from determinations of the Board of Adjustment is *N.J.S.A.* 40:55D–17. Under section (a) any interested party may appeal to the

governing body of a municipality a grant of a variance by the Board of Adjustment. Section (c) states, in part that:

> The governing body shall conclude a review of the record below no later than 95 days from the date of publication of notice of the decision below.... unless the applicant consents in writing to an extension of such period. Failure of the governing body to hold a hearing and to conclude a review of the record below and to render a decision within such a specified period shall constitute a decision affirming the action of the Board.

Section (d) states that the governing body is empowered to reverse, remand, or affirm with or without conditions the grant of the variance. Section (e) of this statute provides that the affirmative vote of a majority of the full authorized membership of the governing body shall be necessary to reverse, remand or *affirm* with or without conditions any final action of the Board of Adjustment. The statute is silent as to the result should there be a tie vote. Section (e) of this statute was amended effective July 1, 1984. Prior to this amendment a majority vote was only necessary to reverse, remand or *modify* any action of the board. Under the former statute, a tie vote was considered an automatic affirmance of the action of the board. A review of the legislative history of this amendment reveals no reason for substitution of the words "affirm" with or without conditions for the word "modify" in the statute. The question presented to this court is: what is the effect of a tie vote of the governing body, with regard to the decisions of the Board of Adjustment, under the amended statute?

Plaintiffs contend that the tie vote is tantamount to a reversal of the decision of the Board of Adjustment because the proceedings before the governing body is a *trial de novo* and, therefore, the burden is on the applicant, Supermarkets General, to persuade the majority of City Council to vote to grant the variance.

Defendants' position is that the tie vote meant that the governing body could not render a decision with respect to the appeal by the objectors and, therefore, the Board's action should be deemed affirmed by virtue of *N.J.S.A.* 40:55D–17(c). Further, defendants argue, that plaintiffs' contention that the

burden of persuasion was on the applicant before the governing body is correct.

It is the opinion of this court that defendants' position is correct in that the burden of persuasion should be placed on the party objecting to the granted variance and that the tie vote resulted in an affirmance of the decision of the Board.

█ It has long been held that the actions taken by a board of adjustment are presumed to be valid and that the party attacking the action of the board has the burden of showing otherwise. *Rexon v. Haddonfield Bd. of Adj.*, 10 *N.J.* 1 (1952); *Kenwood Assoc. v. Englewood Bd. of Adj.*, 141 *N.J.Super.* 1 (App.Div.1976); *Bove v. Emerson Bd. of Adj.*, 100 *N.J.Super.* 95 (App.Div.1968). The rule clearly enunciated by our courts is that the determination of a local zoning board of adjustment is presumptively correct and its decision should not be overridden unless there is a clear showing of unreasonableness, arbitrariness or capriciousness of the action. *Kramer v. Sea Girt Bd. of Adj.*, 45 *N.J.* 268 (1965); *Ardolino v. Florham Pk. Bd. of Adj.*, 24 *N.J.* 94 (1957); *Value Oil Co. v. Irvington*, 152 *N.J.Super.* 354 (Law Div.1977). The granting of a variance is presumed valid and may only be upset when the decision has been arbitrary, unreasonable or capricious. *Kessler v. Bowker*, 174 *N.J.Super.* 478 (App.Div.1979), cert. *den.* 85 *N.J.* 99 (1980).

The presumption of validity extends to the actions of the governing body of the municipality. The law presumes that boards of adjustment and municipal governing bodies will act fairly and with proper motives and for valid reasons. *Kramer v. Sea Girt Bd. of Adj., supra. See also, Nigito v. Closter Boro.*, 142 *N.J.Super.* 1 (App.Div.1976).

Plaintiffs' argument that in the proceeding before the governing body, the applicant had the burden of persuading City Council to vote in favor of the application, must, therefore, fail in light of the case law that states that the burden of proof that the Board of Adjustment acted improperly in granting a variance is on the party challenging the Board's action. *Ring v.*

*Rutherford Mayor & Coun.*, 110 *N.J.Super.* 441 (App.Div. 1970); *Holman v. Norwood Bd. of Adj.*, 78 *N.J.Super.* 74 (App.Div.1963). Accordingly, the burden was on plaintiffs in the appeal to the governing body pursuant to *N.J.S.A.* 40:55D–17, since they were the party challenging the action of the Board of Adjustment.

▉ The language of this statute clearly shows that it was the intent of the Legislature that this proceeding was to be conducted in an appellate manner and, therefore, the appellant has the burden of convincing the governing body to reverse, remand or affirm the Board of Adjustment's actions. Since they did not meet this burden before the governing body by convincing a majority of the Council to vote to reverse the action, the action of the Board of Adjustment must stand. The presumption of validity of the Board's actions has not been rebutted.

For the reasons stated above, it is the opinion of this court that the motions for summary judgment made in behalf of the defendants shall be granted and summary judgment shall be denied the plaintiffs.

The complaint is hereby dismissed.