214 N.J. Super. 631 (1987)
520 A.2d 823
COMMITTEE FOR A RICKEL ALTERNATIVE AND LINDEN MERCHANTS ASSOCIATION, PLAINTIFFS-APPELLANTS,
v.
CITY OF LINDEN AND SUPERMARKETS GENERAL CORPORATION, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued January 5, 1987.
Decided January 20, 1987.
*633 Before Judges MORTON I. GREENBERG and GRUCCIO.
Robert M. Rich argued the cause for appellants (Weitzman & Rich, attorneys).
Jerome Krueger, City Attorney, argued the cause for respondent City of Linden.
Charles N. Winetsky argued the cause for respondent Supermarkets General Corporation (Winetsky & Winetsky, attorneys).
The opinion of the court was delivered by MORTON I. GREENBERG, P.J.A.D.
This matter comes on before the court on appeal from a decision upholding the granting of a use variance from its zoning ordinance by defendant, City of Linden, to defendant, Supermarkets General Corporation, for construction of a commercial property. Plaintiffs, Committee for a Rickel Alternative and Linden Merchants Association, are objectors to the variance. The question before this court is whether a tie vote of a municipal governing body hearing an appeal under N.J.S.A. 40:55D-17a from the granting of a variance by a board of adjustment under N.J.S.A. 40:55D-70d results in the affirmance or reversal of the grant of the variance. A judge of the Law Division held that the tie vote affirmed the action of the board of adjustment. We disagree and thus reverse.
The facts are not in dispute. The board of adjustment, after public hearings, granted the variance by a majority vote. An appeal was taken under N.J.S.A. 40:55D-17a to the municipal governing body, the city council, which heard the matter on June 18, 1985 and adopted a resolution reciting that five members favored the variance, five opposed and one abstained.[1] The resolution then stated:

*634 BE IT FURTHER RESOLVED that action of the City Council must be approved by a vote of 6-5. Since the vote of the Council was 5-5, the appeal of the objectors was not approved.
NOW, THEREFORE, BE IT RESOLVED BY THE COUNCIL OF THE CITY OF LINDEN that the motion to reverse the decision of the Zoning Board of Adjustment fails.
On June 22, 1985 plaintiffs filed this action challenging the resolution and seeking a judgment declaring that the variance "be deemed as a matter of law denied." Subsequently, Linden moved for summary judgment and Supermarkets supported that motion.
After hearing oral argument, the motion judge decided the matter in a written opinion dated January 9, 1986, reported at 211 N.J. Super. 79. He noted that the central fact that there had been a tie vote was undisputed. Id. at 81. He pointed out that under N.J.S.A. 40:55D-17e an affirmative vote of the full authorized membership of the governing body was necessary "to reverse, remand, or affirm" the board of adjustment and thus the section was "silent as to the result" of a tie vote. 211 N.J. Super. at 82. He also noted that prior to its 1984 amendment a tie vote was "an automatic affirmance of the action of the board." Ibid. Compare L. 1979, c. 216, § 11 with L. 1984, c. 20, § 6. He then indicated that actions of a board of adjustment are presumed to be valid, the party "attacking the action of the board has the burden of showing otherwise," and that a board's decision "is presumptively correct and its decision should not be overridden unless there is a clear showing of unreasonableness, arbitrariness or capriciousness of the action." 211 N.J. Super. at 83. He concluded that plaintiffs' argument that Supermarkets had the burden of persuading the council "to vote in favor of the application" must fail as "the burden of proof that the Board of Adjustment acted improperly in granting a variance is on the party challenging the Board's *635 action." Ibid. On February 3, 1986 the judge entered a summary judgment dismissing the complaint.
We would agree with the motion judge's general statement of the law if he had made it in a case in which he was reviewing a decision of a municipal agency acting on a variance application and was setting forth the guidelines for his decision. See, e.g., Kramer v. Bd. of Adjust., Sea Girt, 45 N.J. 268, 296-297 (1965). The difficulty with application of the principles he announced here, however, is that the motion judge applied them to define the scope of review by a governing body on an appeal from a board of adjustment. In that situation the Supreme Court in Evesham Tp. Bd. of Adj. v. Evesham Tp., 86 N.J. 295 (1981), held that "the governing body is to have authority to make a de novo review of the record established before the board and reach its own decision in the matter subject only to the requirement that its findings and conclusions are supported by the record." Id. at 300. Thus, the Supreme Court rejected the concept that the governing body's power is limited to a consideration of whether the board's action was so arbitrary and capricious as to amount to an abuse of discretion. Ibid.
While Evesham requires us to reject the rationale of the motion judge, it does not necessarily compel us to reverse his result as the issue before us was not decided there. Obviously, the Legislature could provide that regardless of the governing body's function on appeal, an even vote would affirm the board of adjustment as it did prior to 1984. We are satisfied, however, that it is not the Legislature's present intention under N.J.S.A. 40:55D-17e that a tie vote by the governing body will result in affirming the action of a board of adjustment in granting a variance.
To start with, it has been long established that variances to allow new nonconforming uses should be granted sparingly and with great caution as they tend to impair sound zoning. Kohl v. Mayor and Council of Fair Lawn, 50 N.J. *636 268, 275 (1967); Degnan v. Monetti, 210 N.J. Super. 174, 183 (App.Div. 1986). This doctrine was not rejected by the Legislature in 1975 when it adopted the Municipal Land Use Law, N.J.S.A. 40:55D-1 et seq.; L. 1975, c. 291. In a case in which it is doubtful for procedural considerations that a use variance has been approved, it seems appropriate, therefore, to hold it rejected.[2] Further, with exceptions requiring even a more substantial affirmative vote, under N.J.S.A. 40:55D-9a municipal agencies must take all actions by a majority vote of the members present at a meeting on any application for development. Consequently, the Legislature contemplated that an application governed by that section would be rejected by a tie vote. We think that the same principle should be applied under N.J.S.A. 40:55D-17e.
We also point out that in general a person seeking relief from a public body has the burden to demonstrate his entitlement to it. Thus, an appellant ordinarily has the burden to show error in a judgment under review, Bowen v. Olesky, 37 N.J. Super. 19, 25 (App.Div. 1955), aff'd, 20 N.J. 520 (1956). Accordingly, when an appellate court is equally divided it affirms. See Vesley v. Cambridge Mutual Fire Ins. Co., 93 N.J. 323 (1983). Here, under Evesham, Supermarkets had the burden to convince the council that it was entitled to the variance. It did not do that.
Further, a variance may be granted by a municipal board of adjustment under N.J.S.A. 40:55D-70d only if at least five of the seven members of the board agree to it.[3] Inasmuch as the statutory authorization to the council in N.J.S.A. 40:55D-17a is to entertain appeals from variances granted pursuant to N.J. *637 S.A. 40:55D-70d, the requirement of a majority vote of the full authorized membership of the governing body on the appeal to sustain the variance is consistent with the Legislature's requirement for an enhanced majority to approve it in the first instance.
Finally, we note that until the amendment of N.J.S.A. 40:55D-17e by L. 1984, c. 20, § 6, the section provided that: "The affirmative vote of a majority of the full authorized membership of the governing body shall be necessary to reverse, remand or modify any final action of ... [the board of adjustment]." Under the section as it was originally written, a tie vote by the governing body affirmed the board of adjustment. The Legislature obviously has imperfectly stated its new intent. Nevertheless, it is arguable that by deleting language that resulted in a tie vote affirming the board, the Legislature manifested an intent that a tie vote might have a different consequence. This conclusion seems particularly reasonable in view of the fact that Evesham was decided in 1981 so that when the 1984 amendment was enacted the Legislature was presumably aware that in zoning appeals the governing body acted de novo. See Brewer v. Porch, 53 N.J. 167, 174 (1969). In that situation the Legislature could have reasonably inferred that an applicant for a variance on an appeal to the governing body would have the burden to obtain a majority of its full authorized membership. In that case, a tie vote would reverse a decision of the board granting a variance.[4]
In reaching our result we have not overlooked the fact that, absent written consent for an extension from the applicant, unless the governing body concludes its review of the record *638 not later than 95 days from the date of publication of notice of the board's decision and renders its decision within that period, it in effect renders a decision affirming the action of the board. N.J.S.A. 40:55D-17c. We are satisfied that the purpose of this provision is to require expeditious disposition of appeals by the governing body. See Lizak v. Faria, 96 N.J. 482, 492 (1984). In this case, there is no suggestion that the council did not act in a timely way. Rather, its decision was prompt but the board was evenly divided. Thus, as the Legislature did not say that unless the governing body affirms, reverses or remands the matter within the 95-day decision period, that requirement does not undermine our result.
Finally, we have not lost sight of the judicial rule, noted above, that an evenly divided vote by an appellate court affirms the decision of the lower court. See Vesley v. Cambridge Mutual Fire Ins. Co., supra, 93 N.J. at 323. That principle is not controlling here as lower court decisions ordinarily are presumptively correct so that an appellant has the burden to show error in the judgment under review.[5]See Bowen v. Olesky, supra, 37 N.J. Super. at 25. Here, the appeal to the council was de novo so the board's decision was not entitled to a presumption of correctness by the governing body. See Evesham Tp. Bd. of Adj. v. Evesham Tp., supra, 86 N.J. at 302.
As we have indicated, the parties are in agreement that the facts relating to the legal issue generated by the tie vote are not in dispute. Further, as noted by the motion judge, plaintiffs in their motion brief in effect asked for summary judgment. In these circumstances, we reverse the order of February 3, 1986 and remand the matter to the Superior Court, Law Division, Union County, for entry of an order for summary *639 judgment in favor of plaintiffs invalidating the resolution of June 18, 1985 on the procedural grounds herein. Our decision is rendered without prejudice to the right of Supermarkets to file such action as it deems appropriate challenging on the merits the failure of the council to approve the variance.
NOTES
[1] The language in the resolution was not worded precisely in that fashion. It recited the reasons for granting and denying the variance found by each group of five members. The parties agree, however, that the vote was actually to affirm or reverse the board of adjustment.
[2] We do not suggest that our result would have been different if the variance granted had been for any of the variances other than use variances mentioned in N.J.S.A. 40:55-70d and thus subject to the appellate de novo jurisdiction of the governing body under N.J.S.A. 40:55D-17a.
[3] The seven-person membership for a board is set forth in N.J.S.A. 40:55D-69.
[4] It is obvious that even without a tie vote there could be a situation in which there is no affirmative vote to reverse, modify or affirm the grant of a variance by the board by a majority of the full authorized membership of the governing body. If one of the members who voted against the variance here had abstained, the vote would have been five affirmative, four negative and two abstentions. Notwithstanding the majority in favor of the variance under that vote, the grant of it by the board would have been reversed.
[5] We qualify our statement that lower court decisions are presumptively correct as that is not always so. See, e.g., State v. Johnson, 42 N.J. 146, 157 (1964).