EAST WIND REALTY, LTD., A NEW JERSEY CORPORATION, PLAINTIFF-APPELLANT, v. BOARD OF ADJUSTMENT OF THE TOWNSHIP OF WALL, AND THE TOWNSHIP OF WALL, A MUNICIPAL CORPORATION, DEFENDANTS-RESPON- DENTS.

Superior Court of New Jersey
Appellate Division

Submitted June 10, 1987—Decided June 30, 1987.

Before Judges FURMAN, SHEBELL and STERN.

*John J. D'Anton,* attorney for appellant (*Steven S. Polinsky* on the brief).

*Crawford & Hirsch,* attorneys for respondent Board of Adjustment of the Township of Wall (*Thomas J. Hirsch,* on the brief).

*Mangini, Gilroy, Cramer & McLaughlin,* attorneys for respondent Township of Wall (*John Jay Mangini,* of counsel; *Roger J. McLaughlin,* on the brief).

PER CURIAM.

█ In this prerogative writ action plaintiff challenged denial of a use variance for coin-operated movie machines in his adult bookstore. He raised also the issue of the zoning ordinance's constitutionality in infringing his First Amendment freedom of expression. The trial court declined to reach the constitutional

issue, commenting that "there is no express prohibition against the operation of such machines in the B–2 zone."

We are constrained to reverse and remand for trial of the constitutional issue. The trial court's comment is in conflict with the view of all counsel at trial that coin-operated movie machines were not a permitted use and, hence, were a prohibited use. In seeking a use variance, plaintiff recognized that prohibition. The record before us includes a judgment entered by Judge Merritt Lane in 1974 enjoining plaintiff's predecessor-in-title "from operating the coin operated movie machine," as a violation of the zoning ordinance.

■ We agree with plaintiff that an ordinance prohibiting coin-operated movie machines and imposing penalties against violators is *prima facie* an infringement of First Amendment rights. *Schad v. Borough of Mount Ephraim*, 452 *U.S.* 61, 101 *S.Ct.* 2176, 68 *L.Ed.*2d 671 (1981) is the controlling authority. The United States Supreme Court there held unconstitutional under the First Amendment a zoning ordinance prohibition of coin-operated devices which permitted viewing of live nude dancers.

As noted in *Schad* at 452 *U.S.* 65, 101 *S.Ct.* at 2181:

Entertainment, as well as political and ideological speech, is protected; motion pictures, programs broadcast by radio and television, and live entertainment, such as musical and dramatic works fall within the First Amendment guarantee.

■ Upon a *prima facie* showing of a First Amendment infringement, the burden shifts to the municipality "to articulate the objectives" of the ordinance by testimony at trial or otherwise, *Zilinsky v. Zoning Bd. of Adj. of Verona*, 105 *N.J.* 363, 371 (1987). In *Schad* the United States Supreme Court rejected as patently insufficient explanations by defendant municipality that it was planning a commercial area catering only to the "immediate needs" of its residents and attempting to avoid "problems that may be associated with live entertainment, such as parking, trash, police protection, and medical facilities." *Id.*, 452 *U.S.* at 73, 101 *S.Ct.* at 2185.

■ Upon remand of this litigation for trial of the constitutional issue, defendant municipality may offer evidence in support of the constitutionality of the ordinance: that it is in reasonable furtherance of one or more of the legislative purposes of zoning, *N.J.S.A.* 40:55D–2. Defendant municipality may also offer proof, if available, of alternative convenient channels for communication of the prohibited form of expression, within the municipality or nearby. In its defense of the validity of its ordinance, defendant municipality should not be limited to the factual record before the board of adjustment. As we said in *Ring v. Mayor and Council of Bor. of Rutherford*, 110 *N.J.Super.* 441, 445–446 (App.Div.1970), certif. den. 57 *N.J.* 125 (1970), *cert.* den. 401 *U.S.* 911, 91 *S.Ct.* 876, 27 *L.Ed.*2d 810 (1971), also a challenge to the constitutionality of a zoning ordinance:

> We turn now to the broader issue addressed to the constitutional efficacy of the zoning ordinance as presently applicable to plaintiff's property. Preliminarily, we note that the trial judge properly ruled in favor of receiving evidence, *aliunde* the record before the board, bearing upon that issue. Plaintiff's suit attacked not only the determination of the board, but also the constitutionality of the underlying zoning ordinance, an issue not raised before the board or within its jurisdiction to resolve.

■ We recognize that defendant municipality has pressed an alternative argument in support of the constitutionality of its bar against plaintiff's coin-operated movie machines, that is, that they are not prohibited but are permitted as a conditional use. That argument is patently without merit. The provision of the zoning ordinance permitting indoor theatres as a conditional use is, in our view, irrelevant. Although no definition of indoor theatre is provided in the ordinance, a coin-operated movie machine for one person's viewing is not, by any reasonable construction of the ordinance, an indoor theatre for an audience's viewing.

■ Finally, we reject plaintiff's additional argument of equitable estoppel against defendant municipality based upon the continuing use of the premises for coin-operated movie machines for several preceding years without enforcement of the

ordinance against plaintiff or its predecessor-in-title. That argument also is groundless. Prevailing law is as stated in *Debold v. Tp. of Monroe*, 110 *N.J.Super.* 287, 296 (Ch.Div.1970), aff'd o.b., 114 *N.J.Super.* 502 (App.Div.1971), certif. den., 59 *N.J.* 296 (1971):

Failure to enforce or apply the law by municipal authorities is not a waiver, nor does it give rise to an estoppel in favor of someone who asserts his reliance that the law would not be enforced or applied.

We reverse and remand for further proceedings not inconsistent herewith. We do not retain jurisdiction.