**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4254-16T4

NEW CENTURY FINANCIAL
SERVICES, INC.,

    Plaintiff-Appellant,

v.

NIR DEGANI,

    Defendant-Respondent.

_____

Submitted May 24, 2018 — Decided June 15, 2018

Before Judges Gilson and Mayer.

On appeal from Superior Court of New Jersey,
Law Division, Bergen County, Docket No.
L-8644-00.

Pressler Felt & Warshaw, LLP, attorneys for
appellant (Lawrence J. McDermott, Jr., on the
brief).

Respondent has not filed a brief.

PER CURIAM

    Plaintiff New Century Financial Services, Inc. appeals from
the following orders regarding its collection action against
defendant Nir DeGani: a January 6, 2017 order vacating a default

judgment; a January 13, 2017 order dismissing the complaint without prejudice; a March 31, 2017 order denying a motion to suppress defendant's answer; and a May 12, 2017 order denying reconsideration of the March 31 order. We reverse and remand.

Defendant obtained a Chase Bank credit card on which he accumulated approximately $14,000 in debt. Plaintiff purchased defendant's credit card debt. In October 2000, plaintiff filed suit against defendant to collect the outstanding debt and accrued interest.

Defendant was served with the complaint but failed to respond. On February 7, 2001, a default judgment was entered against defendant for $17,051.61.

In or around July 2001, defendant moved to vacate the default judgment. The motion was granted on August 3, 2001. After defendant filed an answer, plaintiff propounded discovery. When defendant failed to respond to the discovery requests, plaintiff again moved for default. On March 21, 2003, plaintiff obtained a default judgment against defendant in the amount of $23,190.96, plus costs.

In December 2016, defendant moved to vacate the 2003 default judgment. The motion judge granted defendant's motion as "unopposed." However, plaintiff claimed it was not timely or properly served with defendant's motion. Plaintiff contended the

2                                                              A-4254-16T4

motion clerk improperly designated the filing date of defendant's motion as the return date of the motion. Plaintiff argued it submitted timely opposition to defendant's motion had the motion been heard on the correct return date. The motion judge's order granting defendant's motion to vacate default judgment was signed on January 6, 2017. Plaintiff reasoned the judge had not reviewed its opposition to the motion, filed on January 6, 2017, before granting defendant's application. The January 6, 2017 order failed to include a statement of reasons in support of the relief granted.

On January 13, 2017, the judge entered an order dismissing plaintiff's complaint without prejudice. There were no written or oral findings and legal conclusions regarding the judge's January 13, 2017 order. Nor was there any explanation why the judge issued the order absent a motion.

Plaintiff moved for reconsideration of the January 6, 2017 order. Plaintiff requested oral argument on the reconsideration motion. However, on February 17, 2017, the motion judge denied the motion without hearing oral argument.

Plaintiff also filed a motion to suppress defendant's answer for failure to provide discovery. See R. 4:23-5(a)(2). In a written statement of reasons, the judge denied plaintiff's motion on March 31, 2017. In his order, the judge wrote "[t]rial in this matter is scheduled for May 15, 2017." The judge's notation

scheduling a trial conflicted with the January 13, 2017 order dismissing plaintiff's complaint without prejudice.

In April 2017, plaintiff moved for reconsideration of the March 31, 2017 order denying the motion to suppress defendant's answer. On May 12, 2017, without conducting oral argument, the judge denied plaintiff's reconsideration motion, noting "pursuant to this [c]ourt's January 13, 2017 order, plaintiff's complaint is still dismissed without prejudice." There was no statement of reasons supporting the judge's January 13, 2017 order. Thus, the May 12, 2017 order, relying on the judge's reasoning in support of the January 13, 2017 order, provided no explanation for the denial of plaintiff's reconsideration motion.

Plaintiff raises various appellate arguments related to the orders on appeal. We need not reach the merits of plaintiff's arguments based on our determination that the orders must be vacated and the matter remanded to the trial court for further proceedings.

Rule 1:7-4 requires a trial court, "by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon . . . on every motion decided by a written order that is appealable as of right." The failure of a trial court to meet the requirements of the rule "constitutes a disservice to the litigants, the attorneys and the appellate

court."  Curtis v. Finneran, 83 N.J. 563, 569-70 (1980) (quoting

Kenwood Assocs. v. Bd. of Adj. Englewood, 141 N.J. Super. 1, 4

(App. Div. 1976)).

It is the obligation of a trial court to state its factual findings and then connect those findings to the legal conclusions in support of the ruling.  See Avelino-Catabran v. Catabran, 445 N.J. Super. 574, 594-95 (App. Div. 2016) (citing Monte v. Monte, 212 N.J. Super. 557, 565 (App. Div. 1986)).  The failure to advance reasons in support of a judicial decision results in our speculating as to the trial court's thinking.  See Salch v. Salch, 240 N.J. Super. 441, 443 (App. Div. 1990).  "Neither the parties nor the appellate court is 'well-served by an opinion devoid of analysis or citation to even a single case.'"  Allstate Ins. Co. v. Fisher, 408 N.J. Super. 289, 300 (App. Div. 2009) (quoting Great Atl. & Pac. Tea Co. v. Checchio, 335 N.J. Super. 495, 498 (App. Div. 2000)).

For these reasons, the orders on appeal are vacated and the matter is remanded to the trial court for further proceedings.  On remand, the trial court should permit oral argument in accordance with Rule 1:6-2(d) (motions requesting oral argument, other than pretrial discovery or matters addressed to the calendar, "shall be granted as of right").

Reversed and remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

6