**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5652-16T2

MARILYN PANDYA and ANOOP
PANDYA, on behalf of their minor
son, CHAND PANDYA,

    Plaintiffs-Respondents,

v.

SKY ZONE LAKEWOOD,

    Defendant-Appellant.

_____

Argued October 3, 2018 – Decided October 19, 2018

Before Judges Koblitz, Ostrer, and Mayer.

On appeal from Superior Court of New Jersey,
Law Division, Ocean County, Docket No. L-0903-17.

Samuel G. John argued the cause for appellant
(Wood Smith Henning & Berman LLP, attorneys;
Kelly A. Waters, of counsel and on the briefs;
Samuel G. John, on the briefs).

Michael E. McMahon argued the cause for respondents
(Miller & Gaudio, PC, attorneys; Michael E. McMahon,
of counsel and on the brief).

PER CURIAM

Defendant Sky Zone Lakewood appeals from an August 4, 2017 order denying its motion for reconsideration of a June 23, 2017 order, which denied defendant's motion to compel arbitration. We reverse and remand.

The facts relevant to defendant's motion to compel arbitration are undisputed. Plaintiff Chad Pandya, the son of plaintiffs Marilyn and Anoop Pandya, visited defendant's trampoline park. In order for her son to use defendant's facility, Marilyn Pandya signed a "Conditional Access Agreement, Pre-Injury Waiver of Liability and Agreement to Indemnity, Waiver of Trial and Agreement to Arbitrate" (Agreement). The Agreement contained a provision requiring all claims regarding it be submitted to arbitration. The Agreement provided:

> [I]f I am injured and want to make a claim and/or if there are any disputes regarding this agreement, I hereby waive any right I have to a trial in a court of law before a judge and jury. I agree that such dispute shall be brought within one year of the date of this agreement and will be determined by binding arbitration before one arbitrator to be administered by JAMS pursuant to its comprehensive arbitration rules and procedures.

Plaintiffs' son injured his ankle while playing at Skyzone Lakewood. As a result, plaintiffs filed a complaint alleging negligence against defendant. In lieu of filing an answer, defendant moved to dismiss plaintiffs' complaint,

2

arguing the above quoted provision in the Agreement required plaintiffs' claims be adjudicated by way of arbitration rather than a lawsuit filed in the Superior Court. Plaintiffs opposed the motion.

On June 23, 2017, the judge issued an order denying defendant's motion to compel arbitration. Although the judge found the arbitration provision in the Agreement was clear and unambiguous, he allowed plaintiffs to amend their complaint to assert a cause of action for gross negligence. The judge reasoned the Agreement allowed a gross negligence claim to be filed in the Superior Court, and such a claim was not subject to compulsory arbitration.

Plaintiffs filed an amended complaint asserting gross negligence. In response to the amended complaint, defendant moved to dismiss the amended pleading, and filed a motion for reconsideration of the court's June 23, 2017 order. The judge heard oral argument on defendant's applications on August 4, 2017. The judge again found the arbitration clause in the Agreement was enforceable, but opined that the Agreement's remaining provisions were questionable. At the conclusion of oral argument, the judge said he would "take a second look at the Hojnowski[1] case" and then "render [his] opinion on the reconsideration motion."

---

[1] Hojnowski v. Vans Skate Park, 187 N.J. 323 (2006).

A-5652-16T2

On August 4, 2017, the judge signed an order denying defendant's motion for reconsideration. In denying the motion, the judge wrote the following on the order: "[Plaintiffs] to continue discovery on issue of gross negl[igence]." The judge did not provide any further reasons for his denial of the motion.

Defendant filed a notice of appeal, challenging the judge's denial of defendant's motions to dismiss the complaint, enforce the arbitration clause, and reconsideration. On appeal, defendant asserts the Agreement's arbitration provision is valid and severable from any allegedly invalid provisions in the document, and plaintiffs' claims must be submitted to arbitration. Plaintiffs respond the Agreement, in its entirety, is unenforceable and void as a matter of public policy, and assert disputes concerning the language in the Agreement require a hearing.

Rule 1:7-4 requires that a trial court find, "by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon . . . on every motion decided by a written order that is appealable as of right." The failure of a trial court to meet the requirements of the rule "constitutes a disservice to the litigants, the attorneys and the appellate court." Curtis v. Finneran, 83 N.J. 563, 569-70 (1980) (quoting Kenwood Assocs. v. Bd. of Adj. Englewood, 141 N.J. Super. 1, 4 (App. Div. 1976)).

It is the obligation of a trial court to state its factual findings and then connect those findings to the legal conclusions in support of the ruling.  See Avelino-Catabran v. Catabran, 445 N.J. Super. 574, 594-95 (App. Div. 2016) (citing Monte v. Monte, 212 N.J. Super. 557, 565 (App. Div. 1986)).  The failure to advance reasons in support of a judicial decision results in our speculating as to the trial court's thinking.  See Salch v. Salch, 240 N.J. Super. 441, 443 (App. Div. 1990).  "Neither the parties nor the appellate court is 'well-served by an opinion devoid of analysis or citation to even a single case.'"  Allstate Ins. Co. v. Fisher, 408 N.J. Super. 289, 300 (App. Div. 2009) (quoting Great Atl. & Pac. Tea Co. v. Checchio, 335 N.J. Super. 495, 498 (App. Div. 2000)).

Here, the judge failed to make the required findings of fact and state his legal reasons in support of the denial of defendant's motions.  The parties assert various arguments related to the validity of the Agreement.  However, we are unable to review these arguments without the judge's articulation of his fact findings and legal conclusions.  Thus, we are constrained to vacate the denial of defendant's motions and remand the matter to the trial court for further proceedings.  We take no position on the court's determination of the parties' arguments on remand.

Reversed and remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5652-16T2