141 N.J. Super. 1 (1976)
357 A.2d 55
KENWOOD ASSOCIATES, A PARTNERSHIP OF THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
BOARD OF ADJUSTMENT OF THE CITY OF ENGLEWOOD, THE CITY OF ENGLEWOOD, AND MAX PRIEGEL, CHIEF BUILDING INSPECTOR OF THE CITY OF ENGLEWOOD, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Submitted March 23, 1976.
Decided March 31, 1976.
*3 Before Judges LYNCH, LARNER and HORN.
Mr. Arthur J. Lesemann, attorney for defendants-appellants (Mr. William F. Rupp on the brief).
Messrs. Schneider, Schneider & Behr, attorneys for plaintiff-respondent (Mr. Jacob Schneider on the brief).
PER CURIAM.
Kenwood Associates applied to the Board of Adjustment of the City of Englewood for a "special reasons" variance under N.J.S.A. 40:55-39(d) in order to construct an office building and parking lot in a district zoned for one-family dwellings. After a full hearing the board denied the application in a resolution which concluded that the applicant had "failed to prove the existence of special reasons within the meaning of N.J.S.A. 40:55-39(d)." In addition, the Board found that the variance "cannot be granted without substantial impairment of the intent and purpose of the zoning ordinance and the zone plan and without substantial detriment to the public good."
In an action in lieu of prerogative writs the Law Division judge reversed the denial by the board and ordered that the variance be granted. In an oral opinion, after reviewing *4 the procedural background of the case and the respective contentions of the parties, the judge found that "based upon the general overall picture of this area it is the opinion of the court that the action of the board was arbitrary, capricious and unreasonable, and therefore, I will reverse the board and grant the [relief] sought in the plaintiff's complaint." There is no articulation as to how or why the action of the board was "arbitrary, capricious and unreasonable."
After a careful review of the entire record we find that the judge's determination was manifestly erroneous and must be reversed.
Preliminarily we observe that a trial judge in a nonjury case has the duty to set forth fully his findings and reasons, factual and legal, for reaching his decision. R. 1:7-4; Conford, "Findings of Facts and Conclusions of Law," 92 N.J.L.J. 225 (1969). Mere conclusory terminology such as utilized by the trial judge does not suffice. Such perfunctory treatment constitutes a disservice to the litigants, the attorneys and the appellate court.
It has been emphasized over and over again in the many cases on the subject that the role of a judge in reviewing a local variance determination is solely to ascertain whether the action of the board is arbitrary. He cannot substitute his own judgment for that of the municipal board invested with the power and duty to pass upon the application. Stolz v. Ellenstein, 7 N.J. 291 (1951); Peoples Trust Co., etc. v. Hasbrouck Heights, etc., 60 N.J. Super. 569 (App. Div. 1959).
The action of the board is presumed to be valid. Rexon v. Haddonfield Bd. of Adj., 10 N.J. 1, 7 (1952); Bove v. Emerson Bd. of Adj., 100 N.J. Super. 95, 101 (App. Div. 1968). And particularly where the board has denied a variance, plaintiff has the heavy burden of establishing that the evidence is so overwhelming in support of the variance that the board's action can be said to be arbitrary and capricious. Rexon v. Haddonfield Bd. of Adj., supra; *5 Ring v. Rutherford Mayor and Council, 110 N.J. Super. 441 (App. Div.), certif. den. 57 N.J. 125 (1970), cert. den. 401 U.S. 911, 91 S.Ct. 876, 27 L.Ed.2d 810 (1971). See Cummins v. Leonia Bd. of Adj., 39 N.J. Super. 452, 460 (App. Div. 1956.)
In this connection it should be noted that the absence of evidence in support of the denial does not in itself mean that the board's determination is arbitrary. Since the burden rests with the applicant to establish the criteria for the grant of the variance, it must demonstrate that the affirmative evidence in the record dictates the conclusion that the denial was arbitrary.
The record before the board amply supports the denial because of the applicant's failure to establish the statutory prerequisite of "special reasons." The essence of the owner's position was and is that it is more economically feasible to construct and operate an office building on the site than to develop the same with residences. Mortgage money would be more readily available to finance the proposed project, whereas difficulty was encountered in financing residential development. In addition, there was testimony that the proximity of the property to Route 4 made it less desirable for successful residential development.
Clearly, there exists no substantial reason making it impossible to use the site for residential purposes. The major conclusion which can be derived from the evidence is that the proposed commercial use would be the best use from an economic standpoint. Such a claim does not satisfy the affirmative requirement of a special reason for a section (d) variance. Wilson v. Mountainside, 42 N.J. 426, 451 (1964); Home Builders Ass'n of Northern N.J. v. Paramus, 7 N.J. 335, 343 (1951); Schoelpple v. Woodbridge Tp., 60 N.J. Super. 146, 153 (App. Div. 1960).
Furthermore, there is nothing inherent in the projected office building development which advances the general welfare of the community (see Andrews v. Ocean Tp. Bd. of *6 Adj., 30 N.J. 245 (1959); Black v. Montclair, 34 N.J. 105 (1961); Kunzler v. Hoffman, 48 N.J. 277 (1966); Bonsall v. Mendham Tp., 116 N.J. Super. 337 (App. Div.), certif. den. 59 N.J. 529 (1971)), or which is peculiarly fitted to the particular location for which the variance is sought. Kohl v. Fair Lawn Mayor and Council, 50 N.J. 268 (1967); Kramer v. Sea Girt Bd. of Adj., 45 N.J. 268, 287-288 (1965). Nor is there any evidence establishing that the office building and its parking lot for 300 vehicles fill a special need in the municipality. See DeSimone v. Greater Englewood Housing Corp. No. 1, 56 N.J. 428, 442-443 (1970).
We find that the board's factual findings and conclusion that there was no valid special reason for granting the variance is reasonable and well within its discretionary power and that the trial judge's contrary conclusion is arbitrary. See Mahler v. Fair Lawn, 94 N.J. Super. 173 (App. Div. 1967), aff'd 55 N.J. 1 (1969). We reach the same conclusion with regard to the board's findings relating to the negative criteria of the statute. The thrust of plaintiff's case would be more properly addressed to the governing body as an argument for an amendment to the zoning ordinance. It does not serve, however, to support a section (d) variance.
Aside from the merits of the litigation plaintiff contends for the first time on appeal that the board's determination should be overturned because it permitted the chairman of the planning board to testify and present a resolution recommending the denial of the variance. This contention is without merit.
We find nothing improper in a planning board or one of its members presenting their views at a variance hearing before a board of adjustment. We disagree with the contrary conclusion of the trial court in Hill Homeowners v. Passaic Zoning Bd., 129 N.J. Super. 170, 177 (Law Div. 1974), aff'd 134 N.J. Super. 107 (App. Div. 1975).[1] See *7 Kozesnik v. Montgomery Tp., 24 N.J. 154, 186-188 (1957); Loechner v. Campoli, 49 N.J. 504, 512 (1967).
Boards of adjustment are not controlled by the strict rules of evidence and procedure applicable to courts. See Kramer v. Sea Girt Bd. of Adj., supra 45 N.J. at 284. Hence, even if the evidence would not be normally admissible in a formal judicial proceeding, its admission in a board of adjustment hearing cannot impair the validity of the board's determination, so long as the record supports the ultimate conclusion. We find no indication that plaintiff was not afforded substantial justice at the hands of the board. We will not set aside its decision for alleged errors in its procedure.
The judgment is reversed with the direction that judgment be entered in favor of defendants.
NOTES
[1] The Appellate Division specifically rejected any limitation on Kozesnik v. Montgomery Tp., 24 N.J. 154, 186-188 (1957) and Loechner v. Campoli, 49 N.J. 504 (1967), found in the trial judge's opinion.