```
┌─────────────────────────────────────────────────────────┐
│              NOT FOR PUBLICATION WITHOUT THE             │
│            APPROVAL OF THE APPELLATE DIVISION            │
│                                                         │
│  This opinion shall not "constitute precedent or be binding upon any court." │
│  Although it is posted on the internet, this opinion is binding only on the │
│   parties in the case and its use in other cases is limited. R.1:36-3.      │
└─────────────────────────────────────────────────────────┘
```

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2912-16T2

PASQUALE FALCETTI, JR.,

    Plaintiff-Respondent,

v.

WATERFRONT COMMISSION OF
NEW YORK HARBOR,

    Defendant-Appellant.

_____

          Argued June 6, 2017 — Decided July 5, 2017

          Before Judges Ostrer and Vernoia.

          On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-4916-14.

          Melissa A. Provost argued the cause for appellant (Drinker Biddle & Reath, LLP, attorneys; Ms. Provost, on the briefs).

          George T. Daggett argued the cause for respondent.

PER CURIAM

    On leave granted, defendant Waterfront Commission of New York Harbor appeals a February 6, 2017 order compelling defendant to produce 194 documents in response to plaintiff Pasquale Falcetti,

Jr.'s discovery demands. We vacate the court's order and remand for further proceedings in accordance with this opinion.

Plaintiff's complaint alleges that defendant wrongfully delayed its investigation concerning his eligibility to work as a longshoreman and thereby deprived him of his right to become employed in that capacity. During discovery, plaintiff requested defendant's investigation records. Defendant produced 606 pages of documents but objected to producing an additional 194 documents it claimed were privileged. Defendant provided a privilege log identifying the documents and claiming each was protected from disclosure under the law enforcement investigatory privilege. Defendant claimed thirty-one of the documents were also protected from disclosure under the attorney work product doctrine.

Plaintiff filed a motion to compel production of the documents. The court granted the motion in an order stating only that "[d]efendant[] . . . shall provide to [p]laintiff the documents requested pursuant to discovery." The court denied defendant's subsequent motion for reconsideration in an order finding defendant did not satisfy its "burden to show the material is privileged" and that plaintiff demonstrated "a compelling need for [the] material."

We granted defendant's motion for leave to appeal the court's orders. In our opinion we discussed the elements of the law

enforcement investigatory privilege and work product doctrine, and the balancing tests courts must perform to determine if documents falling within the privilege or doctrine should otherwise be produced. Falcetti v. Waterfront Comm'n of N.Y. Harbor, No. A-1082-15 (App. Div. Sept. 23, 2016) (slip op. at 9-16). We also explained that where a court conducts an in camera review of documents identified in a privilege log, "it must examine each document individually, and explain as to each document . . . why it has so ruled." Id. at 16 (quoting Seacoast Builders Corp. v. Rutgers, 358 N.J. Super. 524, 542 (App. Div. 2003)).

We found the court's order directing the production of the documents "[gave] us little to no indication that it considered the privilege log or the documents and conducted the requisite balancing," and noted the court's order was unaccompanied by the findings of fact and conclusions of law required under Rule 1:6-2(f). Id. at 17. We also concluded the order denying defendant's motion for reconsideration suffered from the same infirmity; it "failed to explain how the court reached [its] conclusions." Id. at 18.

We further determined the court's finding that plaintiff demonstrated a compelling need for the documents "appear[ed] unsupported by the record." Ibid. The court had not reviewed the documents in camera, and the three certifications submitted on

defendant's behalf explained the bases for its alleged privileges under New Jersey law and why disclosure would be harmful. We therefore found the record did not support the court's conclusion that defendant failed to make a prima facie showing of privilege, ibid., and concluded that because plaintiff's counsel's opposing certification only mentioned four of the privilege log documents, the record did not support the court's finding that plaintiff demonstrated a compelling need for the documents. Id. at 18-19 .

We remanded the matter for a consideration of the certifications and a review of the documents. Id. at 19. We directed that the court issue "a statement of reasons explaining why each document or category of documents should or should not be disclosed." Ibid.

On remand, the trial court permitted the parties to provide additional briefs. Plaintiff submitted letter briefs, but did not submit any additional certifications supporting his claim that there was a compelling need for the disputed documents. Defendant submitted additional briefs and relied on the certifications previously submitted in support of its assertions of privilege and harm. The court conducted an in camera review of the documents.

In a February 1, 2017 order, the court again granted plaintiff's motion to compel and ordered the production of the privilege log documents. The court set forth its findings on

defendant's privilege claims in a chart which grouped the 194 documents into seven categories: "[p]ublic records/news articles," "[s]ubpoenas," "[e]mails regarding subpoenas," "[e]mails regarding investigation," "[l]egal documents," "[n]otes," and "[r]eports of Commission investigation." The chart identified the exhibit numbers for the documents included in each category and the court's ruling on defendant's privilege claims for each category.

The listed rulings for the "[p]ublic records/news articles" and "legal documents" categories state only that the documents are "public records" and therefore not privileged. For the remaining categories, the chart states either that the documents are "not privileged" or briefly describes the documents within the category and states they are "not privileged."

In addition to the chart, the court provided a conclusory statement that "[n]one of the documents are protected by the law enforcement investigatory privilege" and that the thirty-one documents defendant claimed were protected by the attorney-work product doctrine were "not protected." The court also offered that "the vast majority" of the documents relate to "status and/or scheduling or are public records" and, for that reason, were not privileged.

The court then referred to the "few remaining documents" — without identifying them — that defendant claimed were protected

by the law enforcement investigatory privilege[1] and explained it conducted the balancing test required in Nero v. Hyland, 76 N.J. 213 (1978), and Piniero v. N.J. Div. of State Police, 404 N.J. Super. 194 (App. Div. 2008). The court reasoned that those "few remaining" but unidentified documents did not contain information revealing law enforcement techniques, confidential sources or witnesses, and their disclosure would not interfere with future investigations. The court concluded that the "scale overwhelmingly weigh[ed] in favor of disclosure to plaintiff," for the unidentified documents, but based its conclusion only on its finding that "the documents may be relevant to plaintiff's theory of delay."

The court further stated that its findings concerning defendant's claim the documents were protected under the attorney work product doctrine was "similar" to its findings on the investigatory privilege. The court stated plaintiff demonstrated a "substantial need" for the production of the thirty-one documents defendant claimed were protected under the attorney work product

_____

[1] As noted, all of the 194 documents at issue were listed in the court's chart and addressed in the court's rulings. Defendant claimed that all of the documents were protected under the law enforcement investigatory privilege. Based on our review of the record, we are unable to determine which of the 194 documents comprise those the court referred to as the "few remaining documents."

doctrine. The court also explained that the documents did not reveal any protected mental impressions, conclusions, legal theories, or opinions of counsel concerning litigation. The court entered a February 1, 2017 order granting plaintiff's motion to compel the production of the privilege log documents.[2] This appeal followed.

In our initial decision in this matter, we expressly directed that if on remand the court conducted an in camera inspection of the documents,[3] it was required to issue a statement of reasons explaining why each document or category of documents should or should not be disclosed. Falcetti, supra, slip op. at 19; see also Payton v. N.J. Tpk. Auth., 148 N.J. 524, 550 (1997); Rosenberg v. State Dep't of Law & Pub. Safety, Div. of Crim. Justice, 396 N.J. Super. 565, 580-81 (App. Div. 2007); Seacoast, supra, 358 N.J.

---

[2] The record reflects that on February 28, 2017, defendant provided plaintiff with 996 pages of materials, which comprised 55 of the 194 documents listed on the court's chart. Some of the documents were provided with redactions, which were explained in a February 28, 2017 letter from defendant's counsel to plaintiff's counsel. Defendant supplied the documents without prejudice to its assertion of privilege for the remaining documents in the privilege log. The provision of the documents subsequent to the court's February 1, 2017 order under appeal here does not affect our decision, and we note that plaintiff is free to challenge the sufficiency of the production and redactions on remand.

[3] In the initial appeal, we were informed there were 196 documents at issue. Falcetti, supra, slip op. at 17. On remand, the court addressed defendant's privilege claims as to only 194 documents.

A-2912-16T2

Super. at 542. The statement of reasons was not only required by our remand decision, it was otherwise necessary because a failure to provide findings of fact and conclusions of law "constitutes a disservice to the litigants, the attorneys and the appellate court." Kenwood Assocs. v. Bd. of Adjustment of Englewood, 141 N.J. Super. 1, 4 (App. Div. 1976); see Gnall v. Gnall, 222 N.J. 414, 428 (2015).

Based on our review of the record, we are constrained to conclude that the court did not make the required findings of fact and conclusions of law supporting its decision.[4] In the first instance, the court failed to make sufficient findings supporting its rulings, as reflected on the chart, that the documents in the "[p]ublic records/news articles," "[e]mails regarding subpoenas," "[e]mails regarding investigation," "[n]otes," and "[r]eports of Commission investigation," are not privileged.[5] For the "[n]otes"

---

[4] We reach this conclusion without the benefit of the documents, which appellant should have provided to the court in a confidential appendix. However, it is not for this court, in the first instance, to review each document, characterize it, ascertain whether it is subject to privilege, and then determine whether that privilege should yield to plaintiff's need for discovery. Our role is to deferentially review, for an abuse of discretion, the trial court's fulfillment of that task, including setting forth in sufficient detail the basis for its decision.

[5] It appears the documents in the other categories, "[p]ublic records/news articles" and "[l]egal documents," were produced by defendant on February 28, 2017, and thus are no longer at issue.

and "[r]eports of Commission investigation" categories, the rulings on the chart state only that the documents are "[n]ot privileged." For the two email categories, the chart states only that the documents are not privileged because they contain status requests and scheduling issues. Similarly, the ruling on the documents in the "[n]otes" category states that the documents are not privileged because they pertain to scheduling and status, and also because they pertain to "plaintiff's possible relationship to organized crime."

The court's rulings were conclusory, unsupported by sufficient findings of fact, and untethered to any analysis of the applicable law that we discussed in detail in our opinion remanding the matter. See Curtis v. Finneran, 83 N.J. 563, 570 (1980) ("the trial court must state clearly its factual findings and correlate them with the relevant legal conclusions"). A determination of the applicability of the law enforcement investigatory privilege requires a consideration of many factors and weighing of law enforcement's need for confidentiality and the party's need for the disputed records. Nero, 76 N.J. at 223-25; Falcetti, supra, slip op. at 14-15; Piniero, supra, 404 N.J. Super. at 205-07. Simple characterizations that a vast number of documents relate to scheduling or status requests do not represent the detailed

findings required by our directive on remand or by law. See Payton, supra, 148 N.J. at 550; Seacost, supra, 358 N.J. Super. at 542.

In addition, although the court determined that none of the documents were privileged under the law enforcement investigatory privilege, it nonetheless conducted a balancing test for a "few remaining" unidentified documents to determine if plaintiff's need for the documents outweighed defendant's need for confidentiality. The court made findings that the unidentified documents did not contain information protected by the investigatory privilege and concluded plaintiff's need for the documents overwhelmingly outweighed defendant's need for confidentiality.

Again, the findings are inadequate. As noted, it is not possible to discern the documents assessed in the court's balancing test.[6] Moreover, in its attempt to balance the interests of the parties, the court makes insufficient findings grounded in the evidentiary record concerning defendant's need for confidentiality or plaintiff's need for the documents. The court also failed to address our observation in the remand decision that the certification submitted in support of plaintiff's motion to compel mentioned only four of the documents in the privilege log and

---

[6] We note that the documents might include those defendant produced on February 28, 2017.

therefore "provides no apparent basis" to conclude plaintiff made a compelling need for defendant's entire investigatory file. Falcetti, supra, slip op. at 19. Plaintiff submitted no additional evidence on remand in support of its request for the documents and, for the reasons we explained in Falcetti, ibid., the court's finding plaintiff demonstrated an overwhelming need for the documents once again appears unsupported by the record.[7]

We offer no opinion as to whether any of the documents are privileged or come within the protection of the attorney work product doctrine. That determination must be made by the trial court in the first instance in accordance with the guidance we provided in Falcetti. Ibid. The court failed to make the requisite findings of fact and conclusions of law supporting its determinations and we remand again for the court to do so.

We vacate the court's February 1, 2017 order and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[7] The court's conclusion that plaintiff demonstrated a substantial need for the thirty-one documents defendant also claimed were protected under the attorney work product doctrine suffers from the same absence of support in the record. Moreover, the court did not make any findings of fact based on the evidentiary record and therefore did not apply the facts to the applicable law in a manner supporting its conclusion.

A-2912-16T2