**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0677-16T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

CLIFFORD HARRIS,

    Defendant-Appellant.

———————————————————————

> Argued telephonically June 7, 2018 —
> Decided June 20, 2018
>
> Before Judges Haas and Gooden Brown.
>
> On appeal from Superior Court of New Jersey,
> Law Division, Union County, Indictment No.
> 96-05-0548.
>
> Clifford Harris, appellant, argued the cause
> pro se.
>
> Michele C. Buckley, Special Deputy Attorney
> General/Acting Assistant Prosecutor, argued
> the cause for respondent (Michael A.
> Monahan, Acting Union County Prosecutor,
> attorney; Michele C. Buckley, of counsel and
> on the brief).

PER CURIAM

Defendant Clifford Harris appeals from the August 29, 2016 Law Division order denying his second petition for post-conviction relief (PCR). Because the trial judge failed to make any meaningful findings of fact or conclusions of law in support of his decision, we are constrained to reverse and remand for further proceedings.

After a jury found defendant guilty of murder, possession of a weapon for an unlawful purpose, and unlawful possession of a weapon, the trial court sentenced defendant to a thirty-year term of imprisonment, with a thirty-year period of parole ineligibility, for murder, and a concurrent four-year term for unlawful possession of a weapon.[1] On defendant's direct appeal, we affirmed his conviction and sentence, and the Supreme Court denied certification. State v. Harris, No. A-2261-97 (Oct. 23, 2000), certif. denied, 167 N.J. 629 (2001).

Defendant subsequently filed a petition for PCR in which he alleged that his trial counsel had been ineffective in various respects. After conducting an evidentiary hearing, the trial court denied defendant's petition, and we affirmed this determination. State v. Harris, No. A-0728-04 (Mar. 28, 2006).

---

[1] The court merged defendant's conviction for possession of a weapon for an unlawful purpose into his conviction for murder.

In June 2016, defendant filed his second petition for PCR. Among other things, defendant alleged that his sentence was illegal because the trial court failed to: (1) grant him appropriate "good time" credits against his period of parole ineligibility; (2) properly apply this court's decision in Merola v. Department of Corrections, 285 N.J. Super. 501 (App. Div. 1995); and (3) take into account certain amendments to N.J.S.A. 2C:11-3(b) that he believed affected the constitutionality of his sentence.

Without conducting oral argument or a hearing, the trial court denied defendant's petition in a one-sentence order that merely stated: "ORDERED, that the petition for [PCR] is hereby denied for failure to allege on its face a basis to preclude dismissal under N.J.C.R. [sic] 3:22-4(b)." The court did not make any findings of fact concerning defendant's contentions, state what specific arguments it considered, or explain its reasoning or conclusions of law in connection with its terse ruling. This appeal followed.

On appeal, defendant presents the same contentions he raised before the trial court. He asserts that he "is entitled to 'good time' credits which were already entered on his official classification records, to complete his entire thirty-year sentence, or, in the alternative, a hearing to determine whether the denial of the application of these credits violates the

3                                                          A-0677-16T4

constitutions of New Jersey and the United States." However, we are unable to review this issue because the trial court ignored its duty to make adequate findings of fact and conclusions of law.

No one — not the parties and not this court — can properly function or proceed without some understanding of why a judge has rendered a particular ruling. See Curtis v. Finneran, 83 N.J. 563, 569-70 (1980) (requiring trial court to clearly state its factual findings and correlate them with the relevant legal conclusions). The failure to provide findings of fact and conclusions of law "constitutes a disservice to the litigants, the attorneys and the appellate court." Ibid. (quoting Kenwood Assocs. v. Bd. of Adjustment, Englewood, 141 N.J. Super. 1, 4 (App. Div. 1976)). As our colleague, Judge Jose Fuentes, recently stated, "our function as an appellate court is to review the decision of the trial court, not to decide the motion tabula rasa." Estate of Doerfler v. Federal Ins. Co., ___ N.J. Super. ___ (App. Div. 2018) (slip op. at 5).

While this was defendant's second petition for PCR, its resolution still "required a careful analysis and the requisite findings to insure a just result. Fact-finding is just that. It is not a recitation of [a court rule] but a clear and concise demonstration that the litigant[] [has] been heard and [his]

arguments considered.  Justice requires no less."  <u>Bailey v. Bd.</u> <u>of Review,</u> 339 N.J. Super. 29, 33 (App. Div. 2001).

Accordingly, we reverse the August 29, 2016 order.  We remand this matter with the direction that the trial court consider defendant's contentions, and make detailed findings of fact and conclusions of law on all the issues raised, within forty-five days of the date of this opinion.

Reversed and remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION