**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1376-17T4

F.K.,

    Plaintiff-Appellant,

v.

INTEGRITY HOUSE, INC.,

    Defendant-Respondent.

_____

        Submitted October 16, 2018 – Decided October 26, 2018

        Before Judges Fisher and Hoffman.

        On appeal from Superior Court of New Jersey, Law Division, Essex County, Docket No. L-2239-16.

        Marc L. Winograd, attorney for appellant.

        Law Office of Daniel J. McCarey, LLC, attorneys for respondent (Daniel J. McCarey, on the brief).

PER CURIAM

    Plaintiff appeals from the Law Division order granting the summary judgment dismissal of his bodily injury claim against defendant Integrity House,

Inc., a residential drug treatment facility in Newark, based upon the Charitable Immunity Act[1] (the Act). Because the motion judge failed to provide the findings and reasoning supporting her decision, see R. 1:7-4(a), we vacate the dismissal order and remand for further proceedings.

Plaintiff sustained a fractured ankle when he slipped and fell on a wet interior staircase at defendant's facility, where plaintiff was a client and resident. The judge's dismissal order states that defendant "is entitled to charitable immunity . . . from [suit] pursuant to the [Act]"; however, the judge did not issue a written or oral opinion.

According to plaintiff's forensic accounting expert, 2015 revenue for Integrity House totaled $20,094,046; of that amount, $252,855 came from fundraising events and $157,310 came from contributions.

We review the trial court's grant of summary judgment under the standard of Rule 4:46-2, which warrants summary judgment if the court finds that there are no genuinely disputed issues of fact. Davis v. Devereux Found., 209 N.J. 269, 286 (2012) (citing Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995)). The court must consider whether the competent evidential materials presented, viewed in the light most favorable to the non-moving party in

---

[1] N.J.S.A. 2A:53A-7.

consideration of the applicable evidentiary standard, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party. Brill, 142 N.J. at 540. Review of an order granting summary judgment is de novo; the appellate court need not accept the trial court's findings of law. Aronberg v. Tolbert, 207 N.J. 587, 597 (2011) (citations omitted).

Charitable immunity is an affirmative defense that generally must be pleaded and proved by the party relying on the defense. R. 4:5-4; Rendine v. Pantzer, 276 N.J. Super. 398, 436 (App. Div. 1994) (citation omitted). The burden of persuasion is by a preponderance of the evidence standard. Rendine, 276 N.J. Super. at 435. Here, defendant bears the burden since it seeks to invoke the affirmative defense of charitable immunity. Abdallah v. Occupational Ctr. of Hudson Cnty., Inc., 351 N.J. Super. 280, 288 (App. Div. 2002) (citations omitted).

Defendant seeks the protection of the Act based on its status as an entity organized exclusively for charitable purposes. In these situations, "an organization claiming immunity under the Act must demonstrate some [thing more than a nominal] level of support from charitable donations and/or trust funds as it is those sources of income the Act seeks to protect." Bieker v. Cmty. House of Moorestown, 169 N.J. 167, 178 (2001) (citation omitted). Plaintiff

argues that "application of the [Act] is unwarranted" because the amount defendant raised from fundraising events and charitable contributions (2.03 percent of total revenues) was not significant enough to be considered more than nominal. In Abdallah, we concluded that private charitable contribution levels of 1.5 percent and 0.10 percent in succeeding years were "too insignificant to have any effect on the charitable-status determination." 351 N.J. Super. at 288.

Rule 1:7-4(a) clearly states that a trial "court shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon . . . on every motion decided by a written order that is appealable as of right." See Shulas v. Estabrook, 385 N.J. Super. 91, 96 (App. Div. 2006) (requiring an adequate explanation of basis for court's action). "Meaningful appellate review is inhibited unless the judge sets forth the reasons for his or her opinion." Strahan v. Strahan, 402 N.J. Super. 298, 310 (App. Div. 2008) (quoting Salch v. Salch, 240 N.J. Super. 441, 443 (App. Div. 1990)). The failure to provide findings of fact and conclusions of law "constitutes a disservice to the litigants, the attorneys, and the appellate court." Curtis v. Finneran, 83 N.J. 563, 569-70 (1980) (quoting Kenwood Assocs. v. Bd. of Adj. Englewood, 141 N.J. Super. 1, 4 (App. Div. 1976)).

Here, the motion judge provided no findings or reasons for her conclusion that charitable immunity applies in this case. The judge's failure to comply with Rule 1:7-4(a) necessitates that we vacate the dismissal order and remand for further proceedings.

Vacated and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1376-17T4