**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3664-19

CHARLES J. KRAUT,

    Plaintiff-Appellant,

v.

ERICA F. DIGIOVANNI,

    Defendant-Respondent.

_____

Submitted March 1, 2021 – Decided April 21, 2021

Before Judges Currier and Gooden Brown.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-5384-19.

Alfred J. Petit-Clair, Jr., attorney for appellant.

Miriam R. Rubin, attorney for respondent.

PER CURIAM

Plaintiff brought this suit against defendant for personal injuries he sustained in a motor vehicle accident. At the time, plaintiff was driving a Ford Econoline Wagon that was titled to him in New Jersey but not registered or

insured. Because plaintiff had not insured the vehicle, defendant moved for summary judgment, asserting plaintiff was precluded from pursuing his claims for economic and non-economic damages under N.J.S.A. 39:6A-4.5.

In opposing the motion, plaintiff presented several arguments: (1) he was not the owner of the vehicle; (2) the wagon was not a "motor vehicle" as defined under N.J.S.A. 39:6A-2(a); and (3) he thought his employer had insured the vehicle. Therefore, plaintiff argued he was exempt from the strictures of N.J.S.A. 39:6A-4.5.

The trial court granted summary judgment. The May 8, 2020 order stated: "If . . . [p]laintiff can provide proof that the vehicle actually was insured, the [c]ourt will entertain a motion to vacate this order."

On appeal, plaintiff renews his arguments. Because the trial court did not give any reasons for its decision as required under Rule 1:7-4(a), we are constrained to vacate the order and remand for further proceedings.

Rule 1:7-4(a) states that a trial judge "shall, by an opinion or memorandum decision, either written or oral, find the facts and state [his or her] conclusions of law thereon in all actions tried without a jury . . . ." "The rule requires specific findings of fact and conclusions of law." Pressler & Verniero, Current N.J.

Court Rules, cmt. 1 on R. 1:7-4 (2018).  See also R. 4:46-2(c) ("The court shall find the facts and state its conclusions in accordance with R. 1:7-4.").

Here, defendant raised a statutory bar to plaintiff's claim for damages.  In response, plaintiff presented several arguments.  The trial court did not make any findings of fact or analysis of the applicable law to explain the grant of summary judgment.  As our Court has stated, the "[f]ailure to perform that duty 'constitutes a disservice to the litigants, the attorneys and the appellate court.'" Curtis v. Finneran, 83 N.J. 563, 569-70 (1980) (quoting Kenwood Assocs. v. Bd. of Adj. Englewood, 141 N.J. Super. 1, 4 (App. Div. 1976)).  "Naked conclusions do not satisfy the purpose of R[ule] 1:7-4.  Rather, the trial court must state clearly its factual findings and correlate them with the relevant legal conclusions." Id. at 570.

Therefore, we vacate the order for summary judgment and remand to the trial court to make findings of fact and conclusions of law consistent with Rule 1:7-4(a).  The parties shall provide their appellate submissions to the court within twenty days of the date of this opinion.

Reversed, vacated and remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

3

A-3664-19