# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3822-21

PATRICIA R. AUSLANDER,

      Plaintiff-Appellant/
      Cross-Respondent,

v.

ROBERT AUSLANDER,

      Defendant-Respondent/
      Cross-Appellant.

_____

      Submitted January 30, 2024 – Decided February 7, 2024

      Before Judges Haas and Puglisi.

      On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Morris County, Docket No. FM-14-1279-14.

      Speck Law Offices, LLC, attorneys for appellant/cross-respondent (Michael R. Speck, on the briefs).

      Berse Law, LLC, attorneys for respondent/cross-appellant (Samuel J. Berse, on the briefs).

PER CURIAM

In this post-judgment matrimonial matter, plaintiff Patricia R. Auslander appeals from the Family Part's July 1, 2022 order, which increased defendant Richard Auslander's child support obligation to $1,908 per week for the parties' four children. Defendant has filed a cross-appeal from the same order. The parties both argue that the order must be reversed and remanded because the trial court did not make any findings of fact or conclusions of law explaining the basis for its child support calculation. We agree.

The parties were married in 2002 and they divorced in 2016. In 2020, defendant's alimony obligation to plaintiff ceased under the terms of their matrimonial settlement agreement. On August 28, 2020, plaintiff filed a motion seeking an increase in defendant's $880 per month child support obligation. On December 1, 2020, the trial court found that the cessation of alimony constituted a change of circumstances warranting a review of child support. The court scheduled a case management conference in order to set the terms of financial discovery.

Thereafter, the case slowly proceeded through the litigation process. On May 12, 2021, the trial court increased child support to $451 per week on an interim basis retroactive to December 1, 2020. The parties filed more motions,

2

and the court entered additional orders on a number of topics. At the end of 2021, a different trial judge took over the management of the case.

In March 2022, plaintiff filed a motion seeking a final child support order. The trial court ordered the parties to produce additional financial information. In May 2022, plaintiff asked for a plenary hearing and counsel fees. The court denied this motion but did not provide a statement of reasons for its decision.

Finally, on July 1, 2022, the trial court issued the order that is the subject of this appeal. In paragraph one of the order, the court stated:

> Upon the [c]ourt's review of the parties' updated earnings information, [d]efendant will now pay $1,908.00/week in base child support via Morris County Probation, effective the date of this order. The relevant child support guidelines worksheets are attached. The [c]ourt used [d]efendant's Social Security Earnings Statement which states $657,332.00 in 2021 Medicare wages ($12,641.00/week), and used [p]laintiff's Social Security Earnings Statement which states $31,475.00 in 2021 Medicare wages ($605.00/week). The [c]ourt determined it was appropriate to utilize the guidelines to set an amount for base child support, understanding that this is an above the guidelines case.

This was the only explanation provided by the court for its ruling. The four child support worksheets were appended to the order. It appears that the court simply added the child support number for each child together to arrive at the new $1,908 per month obligation.

3

As the parties argue on appeal, this unexplained calculation cannot stand. Where, as here, the parties' combined income levels exceed the maximum child support guidelines, "the maximum amount provided for in the guidelines should be 'supplemented' by an additional award determined through application of the statutory factors in N.J.S.A. 2A:34-23(a)" in the court's discretion. Isaacson v. Isaacson, 348 N.J. Super. 560, 581 (App. Div. 2002). "In the context of high-income parents whose ability to pay is not an issue, 'the dominant guideline for consideration is the reasonable needs of the children, which must be addressed in the context of the standard of living of the parties.'" Strahan v. Strahan, 402 N.J. Super. 298, 307 (App. Div. 2008) (quoting Isaacson, 348 N.J. Super. at 581).

To determine the needs of a child in a high-income family,

> a balance must be struck between reasonable needs, which reflect lifestyle opportunities, while at the same time precluding an inappropriate windfall to the child or even in some cases infringing on the legitimate right of either parent to determine the appropriate lifestyle of a child. This latter consideration involves a careful balancing of interests reflecting that a child's entitlement to share in a parent's good fortune does not deprive either parent of the right to participate in the development of an appropriate value system for a child. This is a critical tension that may develop between competing parents. Ultimately, the needs of a child in such circumstances also calls to the fore the best interests of a child.

A-3822-21

[Isaacson, 348 N.J. Super. at 582.]

Here, the trial court's terse one-paragraph explanation of its calculation fails to demonstrate that it applied these principles in determining the amount of child support due the children. While the court completed four standard child support worksheets, there is no evidence that it considered any of the statutory criteria for child support as set forth in N.J.S.A. 2A:34-23. The court also failed to make any findings concerning the reasonable needs of the children. The court did not explain its rationale for its determination nor did it address any of the parties' competing arguments.

Rule 1:7-4(a) clearly states that a trial "court shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon . . . on every motion decided by a written order that is appealable as of right[.]" See Shulas v. Estabrook, 385 N.J. Super. 91, 96 (App. Div. 2006) (requiring an adequate explanation of basis for court's action). Here, the court provided no reasons for the July 1, 2022 order. Curtis v. Finneran, 83 N.J. 563, 569-70 (1980) (requiring court to clearly state its factual findings and correlate them with the relevant legal conclusions). As a result, we have no way of knowing why it determined that $1,908 per week in child support was appropriate.

In addition, the trial court did not explain why it did not make the new obligation retroactive to August 28, 2020, the date plaintiff filed her original motion; December 1, 2020, the date the court set in its May 12, 2021 order for the commencement of the interim modification; or some other date. The court failed to set the amount of any arrears due plaintiff. The trial court also did not address plaintiff's request for a plenary hearing or the parties' applications for counsel fees.

"Meaningful appellate review is inhibited unless the [trial court] sets forth the reasons for [its] opinion." Strahan, 402 N.J. Super. at 310 (quoting Salch v. Salch, 240 N.J. Super. 441, 443 (App. Div. 1990)). The failure to provide findings of fact and conclusions of law "'constitutes a disservice to the litigants, the attorneys[,] and the appellate court.'" Curtis, 83 N.J. at 569-70 (quoting Kenwood Assocs. v. Bd. of Adjustment, 141 N.J. Super. 1, 4 (App. Div. 1976)). The trial court's complete failure to provide the findings of fact and conclusions of law required by Rule 1:7-4(a) necessitates a remand for fulfillment of the trial court's obligation in this regard.

We recognize the difficulties the Family Part faces, day in and day out, of dealing with large volumes of contested matters, particularly in high-conflict matrimonial cases such as this one. Litigants may deluge the court with

6

complicated filings, prayers for relief, and opposition papers. Nevertheless, despite these pressures, trial courts must endeavor to make the necessary rulings on a timely basis and provide ample reasons for their decisions to guide the parties and also to enable meaningful appellate review if it is sought. In some instances, more detailed reasoning might discourage parties from moving for reconsideration or pursuing appeals, thereby saving time and expense in the long run. It is not clear why this particular case went amiss, but a remand will provide an opportunity for prompt corrective action to be undertaken.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION