**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2352-23

AIR HOMES, LLC,

    Plaintiff-Respondent,

v.

PATRICIA C. BENSON,

    Defendant-Appellant.

_____

        Submitted October 30, 2024 – Decided December 19, 2024

        Before Judges Marczyk and Torregrossa-O'Connor.

        On appeal from the Superior Court of New Jersey, Law Division, Camden County, Docket No. DC-002991-24.

        Patricia C. Benson, appellant pro se.

        Respondent has not filed a brief.

PER CURIAM

    Defendant Patricia C. Benson appeals a March 15, 2024 judgment of possession entered in favor of plaintiff Air Homes, LLC by the Law Division,

Special Civil Part.  Defendant challenges the sufficiency of the court's findings of fact and conclusions of law under Rule 1:7-4(a).  We affirm.

I.

We summarize the following facts from the limited record presented by defendant on appeal.  On March 4, 2024, plaintiff filed a verified complaint for ejectment and an order to show cause, claiming ownership of certain property in Pennsauken, purchased at a sheriff's sale after foreclosure was entered against defendant, the former owner of the property.  Plaintiff asserted defendant continued to occupy the property and "refuse[d] to surrender possession" despite the absence of any past or present "landlord/tenant relationship" between the parties and ignoring the foreclosure, sale of the property, and notice to vacate.

Plaintiff filed supporting documentation, including:  the sheriff's deed reflecting its purchase of the property, a February 2024 order from the Chancery Division denying defendant's motion to vacate the sheriff's sale of the property, and a copy of a notice to vacate the premises sent by plaintiff's counsel via certified and regular mail to defendant.

The appellate appendix includes a document entitled "Defendant Patricia C. Benson Objection [t]o Order [t]o Show Cause-Ejectment," as well as a handwritten letter requesting an adjournment of the ejectment hearing.

2

Defendant asserted plaintiff did not own the property and "was not the successful bidder." She further contended plaintiff did not pursue possession "in accordance with applicable procedures," but did not assert any actual or colorable claim as to her own right of possession.

On March 15, after a hearing,[1] the court granted plaintiff an order of possession finding: (1) "[p]laintiff has good and valid title to the [p]roperty"; (2) "any occupants of the property are not lawful tenants"; and (3) "any occupants of the property . . . do [not] have any other colorable right to possession." The order permitted plaintiff to recover the property and seek a writ of possession "directing the County Sheriff to remove [defendant] within thirty days of the [w]rit," and directing the Sheriff to "execute the [w]rit . . . and lock . . . [d]efendant[] out of the subject premises."

## II.

Defendant appeals from this order, raising the sole argument that the court made insufficient findings of fact and conclusions of law.

---

[1] Defendant did not request oral argument on appeal, and plaintiff's brief on appeal was suppressed; thus, we base this decision on the information contained in defendant's appellate submission. Defendant did not provide a transcript of the March 15 hearing as required by Rule 2:5-4(a).

A-2352-23

The "appellate function is a limited one:  we do not disturb the factual findings and legal conclusions of the trial judge unless we are convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." Rova Farms Resort, Inc. v. Invs. Ins. Co. of Am., 65 N.J. 474, 484 (1974) (quoting Fagliarone v. Twp. of N. Bergen, 78 N.J. Super. 154, 155 (App. Div. 1963)).  However, "[a] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference."  Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

To allow for meaningful review, trial courts are required to "find the facts and state its conclusions of law thereon . . . on every motion decided by a written order that is appealable as of right."  R. 1:7-4(a).  "Failure to perform that duty 'constitutes a disservice to the litigants, the attorneys and the appellate court.'" Curtis v. Finneran, 83 N.J. 563, 569-70 (1980) (quoting Kenwood Assocs. v. Bd. of Adjustment of Englewood, 141 N.J. Super. 1, 4 (App. Div. 1976)).

The court issued its order after hearing defendant's application and issuing an oral decision.  Because defendant did not provide the transcript of the hearing

A-2352-23

to this court, as she was required to do, we, sua sponte, could dismiss the appeal for failure to provide the transcript. See Rule 2:9-9.

However, the record contains the documents reviewed by the trial court and upon which defendant relied in her application to vacate the sheriff's sale and her removal from the property. Our review reflects the trial court did not err in its determination.

An action for ejectment is a limited action brought by a party "claiming the right of possession of real property in the possession of another, or [a party] claiming title to such real property." N.J.S.A. 2A:35-1. Indeed, Rule 6:1-2(a)(4) authorizes summary ejectment actions in the Special Civil Part pursuant to N.J.S.A. 2A:35-1 to -3, "where the defendant has no colorable claim of title or possession." See J & M Land Co. v. First Union Nat'l Bank, 166 N.J. 493, 520 (2001). To prevail, the party seeking possession must demonstrate only (1) ownership of, or control over, the property and (2) that the person facing ejectment has no right to remain at the property. See Phoenix Pinelands Corp. v. Davidoff, 467 N.J. Super. 532, 615 (App. Div. 2021).

Here, the record before us demonstrates sufficient evidence supported the court's decision. Plaintiff produced a valid deed showing ownership and certified no landlord-tenant relationship or prior rental arrangement with

defendant existed. Defendant did not assert a colorable claim of title or possession.

Defendant similarly never contends on appeal that she has a right to remain on the property, confining her challenge to the sufficiency of the court's findings. We are therefore satisfied, in these circumstances, that the judgment of possession properly issued. The court's legal and factual determinations, although summarized only briefly in the order, are adequately grounded in the record and suffice to support the summary ejectment. See R. 1:7-4(a).

To the extent we have not addressed them, any remaining arguments raised by defendant lack sufficient merit to warrant discussion in a written opinion. See R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

6 A-2352-23