**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2649-23

DEAN ESPOSITO, JEFFREY ACHEY, MARILYN ACHEY, JUSTIN ANDERSON, DEIDRE ASBJORN, GREGORY BURLAK, CARLA CHIORAZZO, JUDITH CHIORAZZO, JOHN CONWAY, ADAM DEMARCO, JAMES FISHER, ALLISON GILLINGHAM, LORRAINE GILLINGHAM, DOREE GORDON, DONNA HARTMAN, PATRICIA JUSTICE, DAVID KELLY, CHRISTINA MANFREDO, JUDITH OELENSCHLAGER, DANIEL PATINO, JAMES PRATE, MICHAEL SCHEUFELE, RUSSELL SEWEKOW, DEBORAH STROYEK, LINDA TEER, CHRISTINE TRAPPE, BRENDA TRIPICCHIO, TERESA MACCLELLAND, KAREN UMBERGER, SCOTT WILLITS, MICHAEL BRANOM, MOLLY, BROWN, MICHAEL CARNEY, TIM FRASCH, PATRICIA GAGAN, ANNA GUTIERREZ, LINDA JENKINS, AUGUSTUS JOHNSON, WILLIAM KAUPELIS, MARILYN KAYE, JANETTE

LISNER, WILLIAM ERIC LOUGH, DAVID MASSARO, LOUISE MONSOUR, DARLEEN PEREZ, GABRIELLE POZZUOLI, VALERIE REED, BRUCE SCHRAMM, KERRY SHOWALTER, JOHN ST. JARRE, GLORIA STERN, EDNA TOY, TERESA TOY, VANESSA WEST, MARY BOWMAN, ART CAPRI, DEBRA CASEY, KARYN CHALLENDER. TYSON COHRON, CINTIA CORSI, ANDI ELLIS, LAURIE FRANTZ, ASHLEY GARRISON, ANGELA GREEN, CARLOS GUTIERREZ, JAMES HOLLING, KAREN HUDSON, JERRY HUNT, JENNIFER HURTT, JOYCE JONES, LYNN KIRALY, MICHELLE LACUESTA, JASON MCCONVILLE, JOSE NICOT, SANDRA OSHIRO, LESLIE OWENS, JON SANTOS, TERRY SEXTON, KATHLEEN WRIGHT, PAMELA M. ALLEN, SAMANTHA ALBAITIS, CYDNI ARTERBURY, LISA BAKER, BRIANA BELL, CHRISTINE BELLAVIA, KIMBERLY BLAIR, LEANOR BLAND-MULLINS, CAROLINE BONHAM, TAMMY BURKE, ANNMARIE CALDWELL, SHAUNA CAVALLARO, SANTOS COLON, ERIKA CONLEY, KENDRA CONOVER, DYLAN CORBIN, LAURA CURRY, SHAKERA

2

DYER, JANE FREY, RUSSELL FROM, ANGEL GAINES, ASHTIN GAMBLIN, ERICKA GARDNER, ANN GRAFF, JAMES HENSLEY, SAREL HINES, ALEXANDER KEELER, ADAM KELLER, BILLIE KENDRICK, KRISTA KIRBY, JAN LOMBARD, MARC LOWREY, JILL MAILHOIT, AARON MAXA, KELLY MOORE, LINDSEY MORAN, DAVID MOYERS, JENNIFER OCAMPO-NEUBAUER, KEISHA ODOM, ANGEL PACHECHO, HEATHER RAY, SUSAN SCOTT, LORI SNYDER, MISTY SUTTON, KATHRYN TAYLOR, ANTHONY VALLECORSA, CLAIRE WHITE, KRISTOPHER WILLARD, ALVIN WILSON, and BRAD YOUNG, on behalf of themselves and all others similarly situated,

      Plaintiffs-Respondents,

v.

CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS,

      Defendant-Respondent/
      Cross-Appellant.

_____

EVAN C. MURPHY, CATHERINE LASHER, ANDREW HOLSCHEN, CLINTON BASS and CRAIG HAMPTON,

Appellants/Cross-Respondents.

_____

Argued October 1, 2025 – Decided December 16, 2025

Before Judges Mayer, Paganelli and Vanek.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-6360-23.

Ryan J. Cooper argued the cause for appellants/cross-respondents Evan C. Murphy, Catherine Lasher, Andrew Holschen, Clinton Bass and Craig Hampton (Cooper, LLC, attorneys; Ryan J. Cooper, on the brief).

Jeffrey S. Jacobson argued the cause for respondent/cross-appellant Cellco Partnership d/b/a/ Verizon Wireless (Faegre Drinker Biddle & Reath LLP, and Shon Morgan (Quinn Emanuel Urquhart & Sullivan LLP) of the California bar, admitted pro hac vice, attorneys; Shon Morgan, of counsel and on the briefs; Jeffrey S. Jacobson, on the briefs).

PER CURIAM

In this class action, defendant Cellco Partnership d/b/a Verizon Wireless cross-appeals from two March 20, 2024 trial court orders. Evan C. Murphy, Esq. appealed from a third March 20, 2024 order denying his motion to intervene. Murphy's appeal was dismissed by stipulation. Murphy previously represented clients against defendant in both litigation and arbitration. Our review is limited to the two orders in defendant's cross-appeal. For the reasons

4

that follow, we vacate those orders and remand the matter for further proceedings.

We briefly summarize the facts and procedural history relevant to the issues on appeal. A class action complaint was filed, pursuant to Rule 4:32-1, against defendant "on behalf of current and former Verizon Wireless subscribers challenging a deceptive fee scheme perpetrated by [d]efendant against Verizon Wireless customers." The matter was settled pursuant to a Settlement Agreement, which in part, provided the potential class members could opt-out from the settlement. However, a potential class member seeking to opt-out had to do so "on an individual basis; 'mass,' 'class,' or other purported group opt[-]outs [we]re not effective." The judge handling the class action litigation entered an order was entered "granting preliminary approval of [the] class settlement agreement and directing dissemination of class notice," and provided similar language regarding the opt-out.

According to Murphy, after counsel for plaintiffs filed the class action, he "sought to protect his clients from being swept into [th]e . . . settlement by seeking to intervene in the trial court." Additionally, Murphy through advertisements on social media, offered his legal services to other potential class members. Murphy's advertisements led potential clients to a website (Murphy's

5

Website).  Murphy's Website contained the information the trial court deemed necessary for a potential class member to opt-out of the settlement.  Murphy's Website also comported with the trial court's requirements regarding an offer of representation for Murphy to represent those individuals who wanted to opt-out of the settlement.  Murphy's motion to intervene was denied.  His appeal from that order was dismissed by stipulation.

Defendant, in part, moved to enjoin Murphy's further solicitation of potential class members who wanted to opt-out of the settlement and to invalidate any retainer agreements between Murphy and those individuals through the Murphy Website.  Class counsel, in part, moved for:  (1) the trial court to find Murphy in violation of the New Jersey Rules of Professional Conduct (RPCs); (2) Murphy "to distribute a [c]ourt-approved curative notice to all class members who viewed the[] online advertising and solicitation campaign and then submitted their contact information to Murphy or signed a retainer agreement (or opt[-]out) via . . . [Murphy's W]ebsite or as a result of the campaign"; and (3) to "invalidate[]" as "null and void" all Murphy retainer agreements and declare "[t]hat class members who signed a retainer agreement and/or opt[ed-]out through . . . [Murphy's W]ebsite or as a result of the campaign [we]re not excluded from the class."

A-2649-23

The trial court heard the parties' oral arguments. At the conclusion of the hearing, the court stated it would:

> [L]ook . . . more closely to see whether [an injunction] is necessary or whether the opt-outs that came in by virtue of . . . Murphy's [W]ebsite are appropriate [opt-outs] and should be accepted that way. So[,] I may ask for further briefing on that, I may not. I want to look at it a little bit more before making a ruling on that, but I am satisfied that it was the intention of counsel to go ahead and explore the issue of extending the opt-out period if the [c]ourt were to find that those were inappropriate opt-outs, and I think that that's the fair thing to do under the circumstances.
>
> So[,] expect something . . . in writing from me . . . .

Thereafter, the trial court issued the two March 20, 2024 orders. As to defendant's motion, the court in part "DENIED" and struck through the part of the order intended to invalidate "retainer agreements obtained or that will be obtained via the" Murphy Website. As to class counsel's motion, the court, in part: (1) "DENIED" and struck through relief related to Murphy's alleged violation of the RPCs; (2) "DENIED" and struck through relief related to "direct[ing] . . . Murphy . . . to distribute a [c]ourt-approved curative notice"; and (3) "DENIED" and struck through relief regarding Murphy's retainer agreements and the opt-outs.

On both orders, the trial court wrote:

7

Based upon representation of counsel at oral argument, the court is satisfied that it is not impeding upon any filed arbitration proceedings. The court is satisfied that the opt[-]out procedure through counsel provided due process to an unknown number of individuals retained by Murphy . . . and that opt-out by this methodology has been approved by the courts. This court has discretion to manage a class action, including the opt-out process. By permitting the opt-outs . . . the court is providing those individuals their respective due process rights to timely opt-out of this proposed class action settlement.

On appeal, defendant contends: (1) the trial court erred by allowing a mass opt-out of potential class members solicited through Murphy's Website; (2) the trial court erred by denying the request for a curative communication; and (3) Murphy's conduct violated the RPCs.

We start our review with the trial court's obligations under Rule 1:7-4. The Rule requires that "[t]he court shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon . . . on every motion decided by a written order that is appealable as of right." R. 1:7-4(a). "In the absence of reasons, [an appellate court is] left to conjecture as to what the judge may have had in mind." In re Farnkopf, 363 N.J. Super. 382, 390 (App. Div. 2003) (quoting Salch v. Salch, 240 N.J. Super. 441, 443 (App. Div. 1990)). "Failure to perform that duty 'constitutes a disservice to the litigants, the attorneys and the appellate court.'" Curtis v. Finneran, 83 N.J.

A-2649-23

563, 569-70 (1980) (quoting Kenwood Assocs. v. Bd. of Adjustment Englewood, 141 N.J. Super. 1, 4 (App. Div. 1976)). "Naked conclusions do not satisfy the purpose of" Rule 1:7-4. Id. at 570.

Appellate review of "a trial court's interpretation of the law . . . [is] de novo." Cumberland Farms, Inc. v. N.J. Dep't of Env't Prot., 447 N.J. Super. 423, 438 (App. Div. 2016). The same standard of review applies to "mixed questions of law and fact." Ibid. "Our review of a trial court's fact-finding . . . is limited." Id. at 437. Factual "findings by the trial court are binding on appeal when supported by adequate, substantial, credible evidence." Ibid. (quoting Seidman v. Clifton Sav. Bank, S.L.A., 205 N.J. 150, 169 (2011)).

"A settlement agreement between parties to a lawsuit is a contract." Id. at 438 (quoting Nolan v. Lee Ho, 120 N.J. 465, 472 (1990)). Because "[t]he interpretation . . . of a contract is a matter of law for the trial court," ibid., we review issues regarding "the enforcement of a settlement agreement de novo." Ibid. (citing Kaur v. Assured Lending Corp., 405 N.J. Super. 468, 474 (App. Div. 2009)). "'[I]f the contract into which the parties have entered is clear, then it must be enforced' as written." In re County of Atlantic, 230 N.J. 237, 254 (2017) (alteration in original) (quoting Maglies v. Est. of Guy, 193 N.J. 108, 143 (2007)). A "[c]ourt[] cannot make contracts for parties. [It] can only enforce

the contracts which the parties themselves have made." Ibid. (quoting Kampf v. Franklin Life Ins. Co., 33 N.J. 36, 43 (1960)).

We consider defendant's arguments in light of these well-established standards. Defendant contends the court "without explanation" erred in allowing the mass opt-out of potential class members solicited through Murphy's Website. We agree the court's explanation regarding its opt-out ruling did not comport with the requirements under Rule 1:7-4. Although the trial court stated Murphy's Website provided a "methodology . . . approved by the courts," the court did not identify "the courts" to which it referred or cite any supporting legal authority. Nor did the trial court describe the factual circumstances in those court cases, the law applied in those court cases, or why those court cases controlled the analysis here. On this record, we are left to conjecture whether the court considered the opt-outs as acceptable, "on an individual basis," or "[in]effective" because they were effectuated through "'mass,' 'class,' or other purported group opt[-]outs," but nonetheless permissible through the court's exercise of discretionary authority. If the latter, the court failed to explain the source for its discretionary authority overriding the clear and unambiguous language of the Settlement Agreement. Therefore, we vacate the March 20, 2024 order as to this issue and remand for the trial court's consideration.

Next, we consider whether the trial court erred in not requiring a curative communication to the potential class members solicited by Murphy. Defendant contends Murphy's Website was "misleading and inappropriate" and cite to the trial court's finding that Murphy's Website was "confusing."

However, the trial court's statement that Murphy's Website had a "confusing nature" was made during the April 26, 2024 fairness hearing. Therefore, that finding was not rendered as part of the trial court's issuance of the March 20, 2024 orders. Moreover, the trial court struck through that part of the order that requested it find Murphy's "solicitation and opt[-]out campaign . . . including . . . [Murphy's W]ebsite" was "false and misleading" and contained "material misrepresentations and omissions."

The trial court's order merely states "DENIED," and struck through the language reflecting any accompanying reliefs. Again, we are unable to ascertain the court's reasons for denying the relief absent compliance with the requirements of Rule 1:7-4.

Finally, defendant contends that Murphy's actions violated the RPCs. In this respect, the trial court's denial of this relief, absent findings and legal reasoning fails to satisfy Rule 1:7-4. Again, we vacate the order as to this issue and remand for the trial court's consideration. On remand, the court must

consider the RPC arguments and explain their application and relevance to the issue of Murphy's communication with potential class members.

To the extent we have not specifically addressed any of defendant's other arguments, we conclude they lack sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Vacated and remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-2649-23