**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0827-20

KEN M. MCKOY,

      Plaintiff-Respondent,

V.

JOHN THOMAS CAPO, M.D.,
RICHARD YOON, M.D.,
LANI MEI LEE, M.D.,
JILLIAN R. THOMAS, PA-C,
JERSEY CITY MEDICAL
CENTER, and EVISION
HEALTHCARE CORPORATION,

      Defendants-Respondents,

and

JUAN VELAZQUEZ, M.D.,
BENJAMIN CHANDLER, M.D.,
UNIVERSITY HOSPITAL,
and RUTGERS BIOMEDICAL
AND HEALTH SCIENCES AND
THE STATE OF NEW JERSEY,

      Defendants-Appellants.

_____

Submitted February 14, 2022 – Decided February 24, 2022

Before Judges Fasciale and Sumners.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-3414-19.

Farkas & Donohue, LLC, attorneys for appellants Juan Velazquez, M.D., Benjamin Chandler, M.D., University Hospital, Rutgers Biomedical and Health Sciences, and the State of New Jersey (Evelyn C. Farkas, of counsel; Christine M. Jones and Sean D. McMurtry, on the briefs).

Vasios, Kelly & Strollo, PA, attorneys for respondent Richard Yoon, M.D. (Lauren M. Strollo, of counsel; Douglas M. Singleterry, on the brief).

Mazie Slater Katz & Freeman, LLC, attorneys for respondent Ken M. McKoy (Beth G. Baldinger, of counsel and on the brief; Samuel G. Wildman, on the brief).

PER CURIAM

Defendants Dr. Juan Velazquez, M.D., Dr. Benjamin Chandler, M.D., University Hospital, Rutgers Biomedical and Health Sciences (Rutgers), and the State of New Jersey (collectively State defendants)[1] appeal three orders: (1) an October 16, 2020 order granting plaintiff's motion for leave to file late notice of tort claim (notice of claim) against defendants Dr. Velazquez, University

---

[1] Defendants Dr. Richard Yoon, M.D., Jillian R. Thomas (PA-C), and Jersey City Medical Center (JCMC) joined in plaintiff's motions to file late notice of claim.

A-0827-20

Hospital, Rutgers, and the State of New Jersey; (2) a December 4, 2020 order granting plaintiff's motion for leave to file late notice of claim against defendants Dr. Chandler, University Hospital, Rutgers, and the State of New Jersey; and (3) a February 8, 2021 order denying State defendants' motion for reconsideration of the December 4 order. We affirm.

I.

On October 9, 2017, at approximately 1:15 p.m., plaintiff was injured in a motorcycle accident and taken by ambulance to JCMC. Around 7:00 p.m. that night, plaintiff's right leg did not have a pulse. He was rushed into the operating room and surgery revealed profound bleeding from an arterial injury. Plaintiff underwent multiple surgical procedures—including two amputations—which led to the loss of his right leg.[2] Plaintiff's malpractice claim is based on the five-hour period between 2:00 p.m. and 7:00 p.m., during which medical providers allegedly failed to diagnose or detect signs of Acute Compartment Syndrome.

On December 17, 2018, plaintiff first met with his trial counsel and brought her his incomplete medical chart. On the same day, plaintiff's counsel requested JCMC provide the complete medical file and chart. Plaintiff's counsel only found one reference in the incomplete chart to a vascular surgery

---

[2] Plaintiff underwent amputation surgeries on October 14 and October 25, 2017.

 A-0827-20

consultation during plaintiff's time in the emergency department (ED). The reference is one sentence of an operative report by Dr. Frank Liporace, M.D., which stated:

> Initially, in the [emergency room], Vascular Consultation was requested but by report, they said if there was a faint [dorsalis pedis] pulse, then angiography was not required, and they recommended clinical monitoring unless pulse status changed.

On January 22, 2019, counsel received plaintiff's entire chart and reviewed it. Plaintiff's counsel focused on the identified ED medical providers in the chart: Dr. Lani Mei Lee, M.D. (ED Physician); Dr. Albert Li, M.D. (Radiologist); Dr. Victor Ha, M.D. (Trauma Orthopedist); Dr. Capo (Orthopedic Surgeon Consult); and Thomas (Physician Assistant (PA)). From her review of plaintiff's medical records, counsel found that during the five-hour period—when plaintiff was admitted into the hospital until a PA discovered plaintiff did not have a pulse in his leg—there was no indication of the requested vascular surgery consultation having been conducted.

On or about September 5, 2019, plaintiff filed the complaint against Dr. Capo, Dr. Lee, Thomas, JCMC, and fictitiously pled individuals and entities. Plaintiff's counsel requested the phone records of physicians during the five-hour period. On September 30, JCMC responded that phone records were not

4 A-0827-20

available.  In its responses to discovery, plaintiff claims JCMC never identified the vascular surgical consult contacted when plaintiff was in the ED.

On May 20, 2020, Thomas responded to interrogatories propounded by plaintiff.  In one response, Thomas stated:

> [S]hortly after admission to the [ED], a call for a vascular consultation was made (likely by PA Bischoff).  This request went out to the vascular surgeons at University Hospital – Newark.  PA Thomas recalls being told that vascular was not coming at that time to see the patient since it was reported that the patient still had pulses in his RLE.  It is believed this call went to Dr. Velazquez, the Vascular Fellow at University Hospital.

According to plaintiff's counsel, this was the first time any discovery identified Dr. Velazquez as the vascular consult.  During a case management conference, Thomas's counsel confirmed the Vascular Fellow called to consult was Dr. Velazquez.

On June 23, 2020, plaintiff filed a motion for leave to file a late notice of claim against public defendants the State of New Jersey, University Hospital, Rutgers, and Dr. Velazquez.  JCMC, Thomas, and Dr. Yoon joined plaintiff's motion.  State defendants opposed the motion, arguing that Dr. Velazquez appeared in plaintiff's medical chart no less than sixty-five times and that he cared for plaintiff for at least eleven separate days.  After reviewing the

5

arguments and submissions, on October 16, 2020, the judge entered an order granting the motion. Plaintiff served the late notice of claim against Dr. Velazquez and State defendants with pleadings and discovery on November 3, 2020.

Plaintiff then sought to join the physicians responsible for supervising Dr. Velazquez. Plaintiff's counsel contacted a Rutgers representative to identify those responsible for supervising Dr. Velazquez during the critical five-hour period on October 9, 2017. The representative directed the discovery request to State defendants' counsel. On November 10, 2020, State defendants' counsel confirmed that Dr. Chandler "was an employee of NJ medical school and as such was a state employee at the time at issue." On November 18, plaintiff filed a motion for leave to file a late notice of claim against State defendants and defendant Dr. Chandler, as Dr. Velazquez's supervisor.

The judge granted plaintiff leave to serve a late notice of claim as to Dr. Chandler and State defendants on December 4. State defendants moved for reconsideration of the December 4 motion. The judge conducted oral argument on February 8, 2021, issued an oral decision, and denied the motion. On February 22, defendants filed an amended notice of appeal, consolidating the Velazquez and Chandler motions.

6

On appeal, State defendants raise the following arguments:

POINT I

THE TRIAL [JUDGE'S] ORDERS WERE ENTERED CONTRARY TO WELL[-]ESTABLISHED PRINCIPLES AND BINDING CASE LAW ADDRESSING ACCRUAL[.]

A. The Trial [Judge] Abused [Her] Discretion[.]

B. There Was No Basis To Conclude That The Discovery Rule Applied To Toll Accrual In This Case[.]

C. Plaintiff's Lack Of Due Diligence Precluded Reliance Upon The Discovery Rule[.]

D. Even The Case Law Cited By The [Judge] In Support Of The Discovery Rule's Application Was Inapplicable, Instead Reinforcing The Necessity Of Diligent Inquiry[.]

POINT II

THE TRIAL [JUDGE] LACKED JURISDICTION TO GRANT PLAINTIFF'S MOTION FOR LEAVE TO FILE LATE NOTICE OF CLAIM GIVEN THAT THE MOTION WAS NOT FILED WITHIN ONE YEAR OF ACCRUAL[.]

POINT III

THE TRIAL [JUDGE'S] ORDERS ARE PREDICATED UPON INAPPROPRIATE, INADMISSIBLE HEARSAY[.]

A-0827-20

We uphold a trial judge's grant of a motion for leave to file late notice of claim absent a showing of abuse of discretion. D.D. v. Univ. of Med. & Dentistry of N.J., 213 N.J. 130, 147 (2013). An "abuse of discretion only arises on demonstration of 'manifest error or injustice,'" Hisenaj v. Kuehner, 194 N.J. 6, 20 (2008) (quoting State v. Torres, 183 N.J. 554, 572 (2005)), and occurs when the trial judge's decision is "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis," Milne v. Goldenberg, 428 N.J. Super. 184, 197 (App. Div. 2012) (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)).

## II.

In Points I and II, State defendants argue the judge abused her discretion in granting plaintiff leave to file late notice of claim because she incorrectly tolled the accrual date of plaintiff's claim based on the discovery rule. State defendants contend that plaintiff failed to exercise due diligence in investigating the vascular care rendered to plaintiff, and plaintiff's medical charts provided sufficient identifying information for plaintiff to timely file notice of claim. State defendants argue that the court lacked jurisdiction to grant plaintiff leave to file late notice of claim because more than one year passed from the date of the alleged negligence. We disagree and conclude the judge properly

A-0827-20

determined the accrual date tolled to when plaintiff discovered the identity of the requested vascular consult.

A.

The New Jersey Tort Claims Act (TCA), N.J.S.A. 59:1-1 to 12-3, "requires a claimant seeking to file a tort action against a local public entity or public employee to present a tort claims notice informing the entity about the potential claim." H.C. Equities, LP v. Cnty. of Union, 247 N.J. 366, 370 (2021). The claimant must file the notice of claim with the entity within ninety days of the accrual of the claimant's cause of action. N.J.S.A. 59:8-8. The TCA, "however, allows a claimant to apply to a court within one year of the accrual of the claim for leave to file a late notice of claim." H.C. Equities, LP, 247 N.J. at 370. When granting leave to file a late notice of claim, the judge must determine if the claimant has shown "that the public entity . . . has not been substantially prejudiced by the delay and that extraordinary circumstances justify the failure to timely file." Ibid.

Trial judges consider the timeliness of a notice of claim under N.J.S.A. 59:8-8 in a "sequential analysis." Bayer v. Twp. of Union., 414 N.J. Super. 238, 258 (App. Div. 2010) (quoting Beauchamp v. Amedio, 164 N.J. 111, 118 (2000)). The first step in determining whether a claimant timely filed the notice

9

of claim is determining the date of accrual. Ben Elazar v. Macrietta Cleaners, Inc., 230 N.J. 123, 133-34 (2017). Once the judge determines the date of accrual, the "next task is to determine whether a notice of claim was filed within ninety days." Beauchamp, 164 N.J. at 118. Although the TCA does not define the date of accrual, "[i]n the context of a medical malpractice action, a cause of action generally accrues on the date that the alleged act or omission occurred." Baird v. Am. Med. Optics, 155 N.J. 54, 65 (1998).

The discovery rule doctrine tolls the accrual of a cause of action if the plaintiff "reasonably is unaware either that he has been injured, or that the injury is due to the fault or neglect of an identifiable individual or entity." Caravaggio v. D'Agostini, 166 N.J. 237, 245 (2001) (quoting Abboud v. Viscomi, 111 N.J. 56, 62 (1988)). The judge must determine "whether the facts presented would alert a reasonable person, exercising ordinary diligence, that he or she was injured due to the fault of another." Id. at 246. The rule applies in the TCA context just as it would for a claim against a private entity, "tolling accrual of the claim until the plaintiff is reasonably aware that she [or he] has been injured by the fault or neglect of an identifiable person or entity." McNellis-Wallace v. Hoffman, 464 N.J. Super. 409, 417 (App. Div. 2020).

In rendering her oral decision on the motion for reconsideration, the judge followed the sequential analysis. The judge noted that "[t]his is the type of case that the discovery rule was designed for" as plaintiff's medical records contained "absolutely no reference" to who was responsible for the vascular consult. The judge determined the cause of action accrued, at the earliest, on May 20, 2020, when Thomas responded to an interrogatory identifying Dr. Velazquez as the requested consult.

Plaintiff's chart only included one reference to a vascular consult requested by phone in Dr. Liporace's report. State defendants contend that an objectively reasonable person would have been aware that Drs. Velazquez and Chandler could be involved because their names were mentioned countless times in the medical charts. Although their names appear in the charts, the discovery doctrine is appropriate in this case because a reasonable person could not have determined that Dr. Velazquez, who was involved in plaintiff's care after there was no longer a pulse in his leg, was the medical provider responsible for allegedly failing to assess and respond to signs of Acute Compartment Syndrome during the critical five-hour period.

We disagree with State defendants' contention that plaintiff's counsel failed to exercise due care because she did not inquire with Dr. Liporace or

11

JCMC to identify the vascular surgeons on call. Plaintiff's counsel requested JCMC hospital phone and pager records, a request that was denied. Plaintiff's counsel also communicated with David Keller, a representative from Rutgers, who stated that a notice of claim was not necessary because JCMC and the ED medical providers identified were not associated with Rutgers. There was no indication in plaintiff's medical records that Dr. Velazquez was the doctor called for a vascular consult or that a notice of claim was necessary. Despite plaintiff's counsel's efforts, it was not until later in discovery, on May 20, 2020, when Thomas provided her interrogatories, that Dr. Velazquez was confirmed to be the requested consult. And on June 3, 2020, during a case management conference, Thomas's counsel confirmed Thomas's interrogatory identification of Dr. Velazquez. The judge appropriately determined that plaintiff's claim against Dr. Velazquez and State defendants did not accrue until May 20, 2020, and plaintiff's subsequent motion for leave to file a late notice of claim on June 23, 2020, was timely.

B.

As to the notice of claim against Dr. Chandler, State defendants argue that due diligence would have revealed Dr. Chandler's care of plaintiff as an

attending physician from the Vascular Surgery Department because his name appeared more than 200 times in plaintiff's chart.

N.J.S.A. 59:8-9 grants the trial judge discretion to permit filing of late notice of claim within one year after accrual if the public employee or entity has not been substantially prejudiced. It was not until Dr. Velazquez's September 2, 2020 certification that plaintiff's counsel learned that Dr. Velazquez was practicing as a Vascular Fellow through Rutgers University during the time he rendered care at JCMC. On November 5, 2020, plaintiff's counsel contacted a Rutgers representative to determine whether Dr. Chandler was supervising Dr. Velazquez at Rutgers during his fellowship. Plaintiff's counsel's inquiry was focused on the relationship between Dr. Chandler and Dr. Velazquez. The Rutgers representative refused to give that information, directing the inquiry to State defendants' counsel.

On November 10, 2020, State defendants' counsel responded to plaintiff's counsel's inquiry and confirmed that "Dr. Chandler was an employee of NJ medical school and as such was a state employee at the time at issue." Plaintiff's counsel maintains that this was her first confirmation that Dr. Chandler was supervising Dr. Velazquez and was a public employee. Eight days later, on November 18, and less than one year from accrual on May 20, 2020, plaintiff

13

filed the motion seeking leave to file late notice of claim against Dr. Chandler and State defendants.

State defendants have not demonstrated how granting leave to file the late notice of claim prejudiced them. State defendants, which includes a public hospital and public employees, were required to keep extensive medical records in the regular course of treating patients, including plaintiff. See Lowe v. Zarghami, 158 N.J. 606, 631 (1999) (finding the defendants doctor and hospital were not prejudiced because medical records were kept in the ordinary course of treatment, and they must have been aware of the possibility of a malpractice suit). Without evidence of prejudice, the judge properly exercised her discretionary authority to permit filing a late notice of claim against Dr. Chandler and State defendants within one year of the accrual date.

## III.

In Point III, State defendants contend plaintiff's motion seeking leave to file late notice of claim as to Dr. Velazquez "was legally insufficient" because it was based on "inadmissible double hearsay." State defendants contend Thomas's interrogatory response, in which she stated she recalled "a call for a vascular consultation" and "being told that vascular was not coming at that time

to see the patient" amounts to inadmissible hearsay and calls into question the reliability and credibility of plaintiff's application for late notice of claim.

"Application to the court for permission to file a late notice of claim shall be made upon motion supported by affidavits based upon personal knowledge of the affiant . . . ." N.J.S.A. 59:8-9. The affidavit must set "forth only facts which are admissible in evidence to which the affiant is competent to testify." R. 1:6-6. Our Court has rejected that attorney-prepared affidavits render their client's motion to file a late notice of claim deficient. See Lamb v. Global Landfill Reclaiming, 111 N.J. 134, 153 (1988). An attorney may submit an affidavit describing his or her efforts and investigations to identify a cause of action or the public entities involved. Ibid.

Hearsay is a statement, other than one made by a declarant testifying at a trial or hearing, offered into evidence "to prove the truth of the matter asserted." N.J.R.E. 801(c). Hearsay is inadmissible, but if the statement is "not offered for the truth of the matter asserted, the evidence is not hearsay and no exception to the hearsay rule is necessary to introduce that evidence at trial." Carmona v. Resorts Int'l Hotel, Inc., 189 N.J. 354, 376 (2007) (quoting State v. Long, 173 N.J. 138, 152 (2002)). A hearsay statement may be admissible if being used to show that the statement was "in fact made and that the listener took certain

action as a result thereof." Ibid. (quoting Russell v. Rutgers Cmty. Health Plan, 280 N.J. Super. 445, 456 (App. Div. 1995)).

The alleged double hearsay is plaintiff's counsel's certification in support of the motion for leave to serve a late notice of claim, which quotes Thomas's interrogatory response. Thomas's interrogatory stated that she recalled

> a call for a vascular consultation was made (likely by PA Bischoff). This request went out to the vascular surgeons at University Hospital – Newark. PA Thomas recalls being told that vascular was not coming at that time to see the patient since it was reported that the patient still had pulses in his RLE. It is believed that this call went to Dr. Velazquez, the Vascular Fellow at University Hospital.

State defendants argue that because Thomas "recalls being told" that the consult was not coming, the declarant was likely "PA Bischoff," and Thomas did not have actual personal knowledge that Dr. Velazquez was the alleged consult.

The judge did not abuse her discretion in relying on plaintiff's counsel's certification or in considering Thomas's interrogatory response. The certification outlined counsel's efforts to determine the negligent parties and their identities as public entities, all of which were based on counsel's personal knowledge and were appropriate to support the motion to file a late notice of claim. See Lamb, 111 N.J. at 153. Although this argument was not raised in plaintiff's brief, Thomas' interrogatory response was not inadmissible hearsay if

16

not used to prove its truth—that Velazquez failed to respond to the surgical consult. Thomas's response is non-hearsay if it is being used to demonstrate its effect on plaintiff's counsel. See Carmona, 189 N.J. at 376. The response is admissible if it is being used to show when plaintiff's counsel became aware of a possibly negligent party and why counsel took subsequent action to investigate the response.

IV.

We briefly address State defendants' contention that the judge abused her discretion by issuing the two orders granting plaintiff leave to file notice of claim without conducting oral argument or issuing statements of fact and conclusions of law.

If requested by a party, oral argument "shall be granted as of right." R. 1:6-2(d). "While a request for oral argument respecting a substantive motion may be denied, the reason for the denial of the request, in that circumstance, should itself be set forth on the record." Raspantini v. Arocho, 364 N.J. Super. 528, 531-32 (App. Div. 2003) (internal citations omitted). Under Rule 1:7-4(a), the judge must, "by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon . . . every motion decided by a written order that is appealable as of right." Failure to provide findings of

17

facts and conclusions of law "constitutes a disservice to the litigants, the attorneys and the appellate court."  Curtis v. Finneran, 83 N.J. 563, 569-70 (1980) (quoting Kenwood Assocs. v. Bd. of Adj. Englewood, 141 N.J. Super. 1, 4 (App. Div. 1976)).

In issuing the October 16, 2020 order granting plaintiff leave to serve a late notice of claim against Dr. Velazquez and State defendants, the judge stated that she considered the opposition, reply papers, and correspondence joining the motion.  The judge wrote a brief explanation of her opinion in which she addressed the absence of the vascular consult in plaintiff's medical charts and two cases supporting her conclusion that plaintiff was "'reasonably unaware' of the involvement of the proposed new parties until such time as the declination of a vascular consult was revealed through paper discovery."  Although both parties requested oral argument on the motion, the judge issued the order without it.  The judge granted the December 4, 2020 motion as to Dr. Chandler, which was unopposed,[3] and included one sentence in the order:  "UNOPPOSED –

---

[3] State defendants allege plaintiff's motion for leave to file late notice of claim against Dr. Chandler was unopposed because it was never served upon Dr. Chandler's counsel because although plaintiff's counsel certified service was made via eCourts, State defendants were not yet parties to the action and did not receive the eFiled documents.

18

Moving party conducted a diligent search which did not reveal the information needed to file this claim until recently."

The judge explained her findings of law and fact when issuing the October 16 order, and when giving her oral opinion on the motion for reconsideration. Although her findings were brief in the October 16 order, the judge referenced two cases: Ben Elazar, 230 N.J. 123; and Caravaggio, 166 N.J 237. Both cases involve applying the discovery doctrine to determine the date of accrual. The judge further found that plaintiff was "reasonably unaware," thus permitting the filing of a late notice of claim. The judge's October 16 order and her oral decision on the motion for reconsideration provided sufficient findings for the litigants.

The judge conducted oral argument on State defendants' motion for reconsideration. The judge issued an oral opinion addressing the arguments, discussed her reasoning, and stated that it was her determination "the cause of action against Drs. Velazquez and Chandler accrued, at the earliest, May [20], 2020, when the written discovery called attention to this non-consult consult, if you will." Although the judge should have granted oral argument on the October 16 motion or at least given her reasons for denying oral argument, ultimately, State defendants' due process rights were not violated. As State defendants had

the opportunity to argue the merits of the motions for leave to file late notice as to both Dr. Velazquez and Dr. Chandler during oral argument on the motion for reconsideration, there was no violation of due process.  See Filippone v. Lee, 304 N.J. Super. 301, 306 (App. Div. 1997).

To the extent we have not expressly addressed any of State defendants' remaining arguments, they are without sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION