**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3206-21

GOLAN SHAZO,

    Plaintiff-Respondent/
    Cross-Appellant,

v.

ZONING BOARD OF ADJUSTMENT
OF THE BOROUGH OF TENAFLY,
a/k/a BOARD OF ADJUSTMENT
BOROUGH OF TENAFLY,

    Defendant-Appellant/
    Cross-Respondent,

and

BOROUGH OF TENAFLY,

    Defendant.

_____

        Argued November 14, 2023 – Decided December 5, 2023

        Before Judges Mayer and Enright.

        On appeal from the Superior Court of New Jersey, Law
        Division, Bergen County, Docket No. L-7857-21.

Jeffrey A. Zenn argued the cause for appellant/cross-respondent (Cullen and Dykman LLP, attorneys; Jeffrey A. Zenn, on the briefs).

Robert M. Mayerovic argued the cause for respondent/cross-appellant.

PER CURIAM

Defendant Zoning Board of Adjustment of the Borough of Tenafly (Board) appeals from a May 13, 2022 order remanding the matter to the Board for supplemental testimony. Plaintiff Golan Shazo cross-appeals from that same order. For the reasons that follow, we vacate the May 13, 2022 order remanding the matter to the Board. We remand to the trial court for the judge to decide the issues presented in Shazo's complaint in lieu of prerogative writs based on the record before the Board.

We recite the facts from the judge's May 13, 2022 written decision. Shazo owns property in Tenafly. On April 26, 2021, he applied to the Board for a side yard variance to decrease the minimum side yard setback. The municipality's zoning ordinance required a ten-foot side yard setback and Shazo proposed a five-foot side yard setback along the right sideline of his property. Shazo

required the side yard variance to construct a new two-family home, replacing an existing single-family home.[1] No additional variances were required.

On August 2, 2021, the Board held a public hearing on Shazo's application. The sole witness at the hearing, Shazo's architect, testified any redevelopment of the property would require a side yard variance, noting "[a] fifteen-foot-wide structure, be it a one-family or two-family, would be very difficult to operate as a residence," and "the residences are . . . [the] minimal width that they can be." Although he was not a licensed planner, the architect testified in support of Shazo's requested side yard variance.

On September 13, 2021, the Board adopted a memorializing resolution denying Shazo's variance application. In its resolution, the Board found the proposed two-family house would "loom over the adjacent dwelling" with "very little light and air between the properties," and therefore "adversely impact the light and air of the neighboring property owners." The resolution further found Shazo's proposed parking for six cars "excessive" and "detriment[al] to the zon[ing] plan and the streetscape," and the proposed garage "too tight for . . .

---

[1] The property is zoned for both single family and two-family homes.

 A-3206-21

cars to pull in and out." Based on these findings, the Board concluded Shazo failed to satisfy the requirements for a variance and denied his application.

On November 30, 2021, Shazo filed a complaint in lieu of prerogative writs challenging the Board's denial of his variance. His complaint named the Borough of Tenafly (Borough) as an additional defendant. Shazo subsequently dismissed his claims against the Borough.

The judge heard argument on Shazo's prerogative writs action on May 13, 2022, and entered an order that same day remanding the case to the Board. The order stated "[t]he matter is remanded to the Borough of Tenafly Zoning Board of Adjustment for [the] reasons set forth in the attached [o]pinion." In her accompanying written decision, the judge asserted the Board's findings and conclusions were unsupported by expert testimony. She also noted "[n]either the application nor the Board's [r]esolution indicate[d] on which basis the application was made or denied." She wrote:

> Neither [Shazo] nor the [B]oard produced any testimony regarding the [Tenafly] Master Plan, and it is not clear to the court that [Shazo's architect] was qualified to testify as a planner. Although the burden of proof lies with the plaintiff[,] the court cannot decide . . . that the Board acted in a manner which was not arbitrary, unreasonable, or capricious on this record. The court finds many of the conclusions in the [r]esolution are without basis in the record.

4

On remand, the judge directed the parties to "supplement [the] record with additional testimony and experts, including that of planners."

The Board filed an appeal and Shazo filed a cross-appeal from the May 13, 2022 order. On appeal, the Board argues the judge erred in failing to defer to its findings of fact in the resolution denying Shazo's variance. In addition, the Board asserts the judge improperly shifted the burden of proof to the Board in reviewing Shazo's prerogative writs action. Further, the Board claims the judge erred in requiring it to present expert testimony supporting the denial of Shazo's variance. On the cross-appeal, Shazo requests that we exercise original jurisdiction and decide the case based on the evidence and testimony presented to the Board.

We first address the Board's appeal. "[I]n all actions tried without a jury," a trial court must, "by an opinion or memorandum decision . . . [,] find the facts and state its conclusions of law thereon." R. 1:7-4. A trial judge "must make adequate findings of fact 'so that the parties and the appellate court may be informed of the rationale underlying his [or her] conclusion[s].'" Ducey v. Ducey, 424 N.J. Super. 68, 74 (App. Div. 2012) (quoting Esposito v. Esposito, 158 N.J. Super. 285, 291 (App. Div. 1978)). "Neither the parties nor [an appellate court] are well-served by an opinion devoid of analysis," especially

because "our function as an appellate court is to review the decision of the trial court, not to decide the motion tabula rasa." Estate of Doerfler v. Fed. Ins. Co., 454 N.J. Super. 298, 301-02 (App. Div. 2018) (alteration in original) (quoting Great Atl. & Pac. Tea Co., Inc. v. Checchio, 335 N.J. Super. 495, 498 (App. Div. 2000)).

Where a party challenges a board's decision "in a prerogative writ action, a trial court must make specific factual findings and conclusions of law to support its decision." L.I.M.A. Partners v. Borough of Northvale, 219 N.J. Super. 512, 519 (App. Div. 1987). When a trial court reviewing a municipal board's decision fails to state findings of fact and conclusions of law, an appellate panel must remand the case to the trial court so the appellate court may "properly perform its reviewing function." Id. at 520.

In this prerogative writs action, the judge was tasked with determining whether the Board's decision was "arbitrary, capricious or unreasonable." CBS Outdoor, Inc. v. Borough of Lebanon Plan. Bd./Bd. of Adj., 414 N.J. Super. 563, 577 (App. Div. 2010) (quoting Kramer v. Bd. of Adj., Sea Girt, 45 N.J. 268, 296 (1965)). In a zoning dispute, "the role of the court is to evaluate whether the Zoning Board's decision 'is founded on adequate evidence[,]' and . . . 'the record made before the Board is the record upon which the correctness of the Board's

action must be determined.'" Price v. Himeji, LLC, 214 N.J. 263, 295 (2013) (citations omitted). Thus, the judge was required to "review the record before the [b]oard in order to determine whether [its] decision was adequately supported by the evidence." CBS Outdoor, Inc., 414 N.J. Super. at 578 (citing Lang v. Zoning Bd. of Adj. of Borough of N. Caldwell, 160 N.J. 41, 58 (1999)). Moreover, because "the deference accorded to a board's denial of a variance is greater than that given to its decision to grant a variance," the judge was required to determine whether "the evidence before the local board was 'overwhelmingly in favor of [Shazo].'" Id. at 578-79 (quoting Scully-Bozarth Post 1817 of the VFW v. Plan. Bd. of City of Burlington, 362 N.J. Super. 296, 314-15 (App. Div. 2003)). The single sentence in the judge's order, remanding the matter to the Board for the parties to supplement the record, failed to satisfy the requirements of Rule 1:7-4.[2]

In order to obtain a variance under N.J.S.A. 40:55D-70(c)(1), as requested by Shazo, an applicant must demonstrate "(1) that he 'will suffer exceptional or undue hardship if the variance is not granted—the so-called positive criteria;

_____

[2] We note "appeals are taken from orders and judgments and not from opinions, oral decisions, informal written decisions, or reasons given for the ultimate conclusion." Do-Wop Corp. v. City of Rahway, 168 N.J. 191, 199 (2001). See also R. 2:2-3(a).

A-3206-21

and (2) that the variance will not result in a substantial detriment to the public good or the zoning plan—the so-called negative criteria.'" Cohen v. Bd. of Adj. of Borough of Rumson, 396 N.J. Super. 608, 615 (App. Div. 2007) (quoting Nash v. Bd. of Adj. of Twp. of Morris, 96 N.J. 97, 102 (1984)).

Applying this legal standard, based on the evidence presented to the Board, the judge was required to determine whether Shazo presented affirmative evidence satisfying the positive and negative criteria for a variance under N.J.S.A. 40:55D-70(c)(1). The judge failed to do so here.

Nor did the judge address whether the Board's denial of the variance was arbitrary, capricious, or unreasonable. We note "the absence of evidence in support of [a] denial does not in itself mean that the board's determination is arbitrary. Since the burden rests with the applicant to establish the criteria for the grant of the variance, [the applicant] must demonstrate that the affirmative evidence in the record dictates the conclusion that the denial was arbitrary." Kenwood Associates v. Bd. of Adj. of City of Englewood, 141 N.J. Super. 1, 5 (App. Div. 1976).

On appeal, both parties assert the judge had sufficient evidence, based on the record before the Board, to decide the issues raised in Shazo's complaint in lieu of prerogative writs. However, in her written decision, the judge believed

there was insufficient information to decide the issues. Thus, the judge remanded the matter for a "do-over," allowing the parties to supplement the record.

The judge had the complete record related to Shazo's variance application and the Board's decision on that application. Rather than decide the issues in Shazo's complaint in lieu of prerogative writs based on the record as it existed, the judge remanded the matter for supplementation of the record by the parties. The judge did not decide whether Shazo satisfied his burden for entitlement to the variance or whether the Board's denial was arbitrary, capricious, or unreasonable. Thus, we are constrained to vacate the May 13, 2022 order and remand for the trial court to do so.

We next address Shazo's cross-appeal requesting we exercise original jurisdiction and decide his variance application. We decline to do so.

An appellate court "can 'exercise . . . original jurisdiction as is necessary to the complete determination of any matter on review.'" Rivera v. Union Cnty. Prosecutor's Off., 250 N.J. 124, 146 (2022) (omission in original) (quoting R. 2:10-5). "[T]he exercise of original jurisdiction is appropriate when there is 'public interest in an expeditious disposition of the significant issues raised.'" Price 214 N.J. at 294 (quoting Karins v. City of Atlantic City, 152 N.J. 532, 540-

41 (1998)). "This power should be invoked 'sparingly,' and is generally used when the record is adequately developed and no further fact-finding is needed." Rivera, 250 N.J. at 146 (citations omitted) (quoting State v. Jarbath, 114 N.J. 394, 412 (1989)). Additionally, an appellate court should exercise original jurisdiction to eliminate unnecessary litigation only if that litigation would be "lengthy" or "burdensome." See Allstate Ins. Co. v. Fisher, 408 N.J. Super. 289, 302 (App. Div. 2009) ("There is . . . no threat of perpetual litigation [in this appeal], and it does not appear that the exercise of original jurisdiction is necessary to avoid lengthy or burdensome litigation.").

We decline to exercise original jurisdiction although we recognize remanding this case to the trial court may briefly delay resolution of the matter. However, the trial judge has a complete record to render a decision on Shazo's action in lieu of prerogative writs. Thus, a remand in this matter should not be lengthy or burdensome. Moreover, original jurisdiction would not be appropriate because this case implicates one individual's private interests rather than the public interest.

Reversed and remanded to the trial court for further proceedings consistent with this opinion. We take no position on the outcome of the matter on remand. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

10

A-3206-21